1  Mark V. Boennighausen (State Bar No. 142147)
   mboennighausen@hopkinscarley.com
2  Dinah X. Ortiz (State Bar No. 273556)
   dortiz@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 S First Street
5  San Jose, CA  95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
8  Facsimile:    (408) 998-4790

9  Attorneys for Defendants
   THREE BELL CAPITAL LLC, and
10 JONATHAN PORTER

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE DISTRICT OF CALIFORNIA**

13                  **SAN JOSE DIVISION**

| | |
|---|---|
| 14  PETER KUHN, | CASE NO.  5:23-cv-02958-PCP |
| 15              Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME** |
| 16  v. | |
| 17  THREE BELL CAPITAL LLC, a California limited liability company, | |
| 18  JONATHAN PORTER, a Married Man, DOES 1 through V, inclusive; ABC | Date:      October 5, 2023 |
| 19  Corporation I through V., inclusive, and XYZ Partnerships I through V, inclusive, | Time:      10:00 a.m.<br>Dept.:     Courtroom 8, 4th Floor<br>Judge:     Hon. P. Casey Pitts |
| 20 | |
| 21              Defendants. | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4881-5475-6726.2

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

1

**TABLE OF CONTENTS**

2

**Page**

3   I.      INTRODUCTION ................................................................................................ 2

4   II.     PROCEDURAL BACKGROUND AND ALLEGATIONS OF COMPLAINT
            AND JUDICIALLY NOTICEABLE FACTS ................................................... 4

5           A.     The Parties................................................................................................ 4

6           B.     The Arizona Litigation.............................................................................. 4

            C.     Plaintiff Directly Contracts with and Invests in HA Select ..................... 5

7
            D.     Plaintiff is Upset with His Investment in HA Select Litigation Fund, so
8                  Three Bell Refers Him to a Lawyer Who is Willing to Represent Plaintiff
                   in Litigation Over Plaintiff's Investment Fund........................................ 7

9   III.    ARGUMENT ....................................................................................................... 8

10          A.     The FAC is Deficient Under Rule 8 Because the Bare and Convoluted
                   Allegations Fail to Provide Defendants Fair Notice of the Claims Against
11                 Them ........................................................................................................ 8

12          B.     The FAC Should Be Dismissed Under Rule 12(b)(6) As It Fails to State a
                   Claim........................................................................................................ 9

13                 1.     The Breach of Fiduciary Duty Cause of Action Should be
                          Dismissed .................................................................................. 10

14                 2.     The Breach of Contract Claim Should be Dismissed ............... 11

15                 3.     There Is No Legal Basis To Seek Recovery Of Attorneys' Fees............. 12

    IV.     CONCLUSION .................................................................................................. 12

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 8, 9, 10

*Balistreri v. Pacifica Police Dep't.*
   901 F.2d 969 (9th Cir. 1990) ...................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 8, 9, 10

*Berg & Berg Enterprises, LLC v. Boyle*,
   178 Cal.App.4th 1020 (2009) ................................................................................. 11

*Boisvert v. Li*,
   Case No. 13-cv-01590, 2014 WL 279915 (N.D. Cal. Jan. 24, 2014) ................... 10

*Ceja v. Santa Ana Orange Cnty. California*,
   Case No. 8:21-cv-00709 JLS (ADS), 2022 WL 1694463
   (C.D. Cal. Apr. 11, 2022) .......................................................................................... 8

*CSAA Ins. Exch. v. Hodroj*
   72 Cal. App. 5th 272 (2021) .................................................................................... 11

*Datel Holdings Ltd. v. Microsoft Corp.*,
   712 F.Supp.2d 974 (N.D. Cal. 2010) ...................................................................... 10

*Langan v. United Servs. Auto. Ass'n*,
   69 F. Supp. 3d 965 (N.D. Cal. 2014) ...................................................................... 11

*Lundquist v. Continental Casualty Co.*,
   394 F.Supp.2d 1230 (C.D. Cal. 2005) .................................................................... 10

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*,
   Case No. 1:08-cv-1924 AWI SMS, 2009 WL 2982900
   (E.D. Cal. Sept. 14, 2009) ....................................................................................... 10

*Mega RV Corp. v. HWH Corp.*,
   225 Cal.App.4th 1318 (2014) ................................................................................. 12

*Molloy v. RK Netmedia, Inc.*,
   Case No. 09-cv-02614 MMM (AGRx), 2009 WL 10669608
   (C.D. Cal. Oct. 8, 2009) ............................................................................................. 2

*Nelson v. Int'l Paint Co.*,
   716 F.2d 640 (9th Cir. 1983) ................................................................................... 10

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3

4

*Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.*,
   Case No. 15-cv-00624-LB, 2016 WL 6524396 (N.D. Cal. Nov. 3, 2016) ............................ 11

5

*Second Measure, Inc. v. Kim*,
   143 F. Supp. 3d 961 (N.D. Cal. 2015) ................................................................. 12

6

7

*Steckman v. Hart Brewing Inc.*,
   143 F.3d 1293 (9th Cir. 1998)............................................................................ 10

8

9

*Tamraz v. Bokotic Pathology Assocs. LLC*,
   Case No. 22-cv-0725, 2022 WL 16985001 (S.D. Cal. Nov. 16, 2022) .............................. 8, 9

10

*U.S. v. Corinthian Colleges*,
   655 F.3d. 984 (9th Cir. 2011)............................................................................. 10

11

12

*Yamauchi v. Cotterman*,
   84 F. Supp. 3d 993 (N.D. Cal. 2015) ................................................................... 10

13

**Other Authorities**

14

Fed. Rule Civ. Proc. 8 ......................................................................................... 1, 3, 8

15

Fed. Rule Civ. Proc. 8(a)(2) .................................................................................. 8, 9

16

Fed. Rule Civ. Proc. 12(b)(6).................................................................................. 1, 9

17

18

19

20

21

22

23

24

25

26

27

28

4881-5475-6726.2

- iii -

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD: PLEASE TAKE

2    NOTICE THAT on October 5, 2023, at 10:00 a.m., or as soon as the matter may be heard, before

3    the Honorable P. Casey Pitts of the United States District Court, Northern District of California at

4    Courtroom 8 – 4th Floor, 280 South 1st Street, San Jose, California, Defendants Three Bell

5    Capital LLC, a California limited liability company ("Three Bell"), and Jonathan Porter

6    ("Mr. Porter") (collectively "Defendants") move to dismiss Plaintiff Peter Kuhn's ("Plaintiff" or

7    "Mr. Kuhn") First Amended Complaint under Federal Rule of Civil Procedure Rules 8 and

8    12(b)(6).

9    This Motion is based on the following Memorandum of Points and Authorities and the

10   declaration of Mark Boennighausen, along with the separately filed Defendants' Request for

11   Judicial Notice and attached exhibits.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

With his latest complaint, Plaintiff Peter Kuhn is attempting for the third time to plead a legally cognizable claim against Three Bell and Mr. Porter.  Mr. Kuhn, a sophisticated investor, seeks to make Defendants guarantors of his direct investment in an Illinois-based investment fund, which Plaintiff knew and explicitly acknowledged was risky and illiquid.  Mr. Kuhn entered into a fully integrated subscription agreement with this fund, which governed all of the terms of his investment.

Mr. Kuhn entered into the agreement willingly, knowingly, and after acknowledging all the risk disclosures in the lengthy agreement which governed his investment.  He cannot now make allegations that contradict his contractual agreement with the investment fund with which he directly contracted. *See Molloy v. RK Netmedia, Inc.,* Case No. 09-cv-02614 MMM (AGRx), 2009 WL 10669608, *17 (C.D. Cal. Oct. 8, 2009) ("Parties are presumed to read the contracts they sign.").

Plaintiff first filed this case in federal court in Arizona where the Court dismissed it for lack of personal jurisdiction.  Plaintiff filed virtually the same complaint in this Court and has now amended his complaint again when faced with a previous motion to dismiss in this Court.  But the amendment does little other than include more of the email correspondence between the parties, many of which were previously included in Defendants' prior Request for Judicial Notice.  (*See* Dkt. 20.)   There is one glaring omission in Plaintiff's papers:  the actual contract with the investment fund that governs his investment, including any right to change his investment allocation in the fund. Plaintiff claims this contract is "self-serving" (*see* Dkt. 22 at 6:14-15), which makes no sense since his damage claim is based on him purportedly not being able to redeem or change the allocation of his investment in the fund.

The undisputed facts reflect that in November 2019, Mr. Kuhn and two other individuals sought out Mr. Porter and Three Bell in California for investment ideas.  Mr. Porter presented to these three individuals a potential investment for consideration.  In February 2020, Mr. Kuhn ***directly contracted*** with the Illinois-based investment fund at issue here through an integrated

1   investment subscription agreement.  This agreement, which was solely between Mr. Kuhn and the

2   investment fund, made clear that the investment was illiquid. It further made clear that Mr. Kuhn

3   had no right to change the investment allocation in the fund, as any changes were at the complete

4   discretion of the fund.  The agreement also stated that the fund would communicate directly with

5   Mr. Kuhn, who had the sole authority to interact with the fund and request changes, but that

6   Three Bell would receive copies of any communications.

7          Plaintiff's third complaint adds additional allegations but nothing that was not before the

8   Court in Arizona or in this Court.  Plaintiff still has not corrected the fatal deficiencies identified

9   in Defendants' previous motion to dismiss.  Plaintiff's First Amended Complaint ("FAC") still

10  does not comply with Federal Rule of Civil Procedure Rule 8.  It does not provide sufficient

11  detail as to the liability theory as against each defendant: Three Bell, the company, and

12  Mr. Porter, the company's CEO.  Similarly, the FAC is still unclear as to whether there is a

13  separate fiduciary duty claim against each defendant.  Further, it is still unclear as to whether

14  there was a separate contract between Plaintiff and each Defendant, and if so, there is no

15  information as to what kind of contract it was and what the material terms were.

16         The FAC also still fails to plead a cognizable claim for either breach of fiduciary duty or

17  breach of contract under California law.  For example, the Complaint has no factual allegations

18  which explain what fiduciary duty any Defendant had toward Plaintiff or how that alleged duty

19  was breached.  Instead, the general allegation is that as an "investment advisory firm, Three Bell

20  and its professionals have a fiduciary obligation to always act in its clients' "best interests[.]"

21  (Dkt. 21 ¶ 13.).

22         Even if a generalized "best interest" fiduciary duty claim was actionable (which

23  Defendants submit it is not), the July 2020 e-mail communication attached as Exhibit "B" to the

24  FAC simply acknowledges that Defendants were providing information regarding Plaintiff's

25  direct investment in the Illinois-based investment fund and a possibility that he could request it be

26  reallocated.  The lack of any explanation of the specific fiduciary duty owed and how Defendants

27  breached is not surprising given Plaintiff's direct contractual relationship with the investment

28  fund.  This contract makes clear Mr. Kuhn was the master of the investment, including having the

1    sole ability to seek to change an allocation or request a redemption.  Under his direct contract,

2    such requests would be subject to the discretion of the investment fund.  Similarly, the breach of

3    contract claim still fails to allege the type of contract (e.g. oral or written) between Plaintiff and

4    defendants as well as sufficient material terms to understand the purported obligations of any

5    purported parties to the contract, as well as any consideration.

6         Based on the allegations in the complaint and judicially noticeable facts, the Court should

7    dismiss this case.  Further, given the repeated attempts to amend this complaint and Mr. Kuhn's

8    actual contract with the investment fund to which he sent his $200,000, the Court should dismiss

9    the case with prejudice, as there is no possibility that any factually accurate amendment could

10   cure the legal defects identified in this motion.

11   **II.   PROCEDURAL BACKGROUND AND ALLEGATIONS OF COMPLAINT AND
12         JUDICIALLY NOTICEABLE FACTS**

13        **A.    The Parties.**

14        Plaintiff resides in Maricopa County, Arizona.  (Dkt. 21 ¶ 1.)  Defendant Three Bell

15   resides in this judicial district, as does Mr. Porter, its CEO.  (*Id.* ¶¶ 2-3.)

16        HA Select-Medical Receivables Litigation Finance Fund International SP ("HA Select")

17   is the entity in which Mr. Kuhn directly invested $200,000 but which he does not sue.  Plaintiff

18   places his alleged harm on his purported inability to change his investment from one HA Select

19   fund to a different HA Select fund.  (*Id.* ¶¶ 15-32.)  Mr. Kuhn has a fully integrated investment

20   contract with HA Select that provides all of the obligations between both parties, including

21   Mr. Kuhn's ability to change investment allocations between any HA Select fund.  (Request for

22   Judicial Notice In Support of Motion ("RJN") Exhibit 2a (Exhibit A to Declaration of Jonathan

23   Porter from the Arizona Action).)

24        **B.    The Arizona Litigation**

25        Plaintiff originally filed this action in Arizona.  In litigating a motion to dismiss on both

26   personal jurisdiction grounds and on the merits, Defendants and Plaintiff submitted emails and

27   other documents in support of their arguments.  Judge Bolton recited the origin story of the

28   relationship in her order dismissing the complaint. (RJN Exhibit 1.) While Defendants sought to

1    dismiss the complaint in light of the judicially noticeable facts submitted, Judge Bolton did not

2    rule on the merits or the request for judicial notice, as those issues were moot given her finding

3    that there was no personal jurisdiction. (*Id*.).

4         **C.    Plaintiff Directly Contracts with and Invests in HA Select.**

5         Plaintiff is a sophisticated investor.  Mr. Kuhn's partner introduced him to defendant

6    Mr. Porter in California in November 2019.  Mr. Kuhn's self-proclaimed partner, Ron Felice

7    (who made the introduction), told Mr. Porter that Mr. Kuhn was the "the smartest guy he had ever

8    met." (RJN Exhibit 3 at 1 (Porter Reply Decl. ¶ 4).)  Subsequent to that meeting, Mr. Porter

9    emailed Mr. Kuhn and two other individuals at that meeting, including Mr. Felice, an investment

10   opportunity for them to "consider." (Dkt. 21-1 at 2.)  As Mr. Kuhn acknowledges, he

11   subsequently "hired Three Bell to act as his wealth manager and advisor." (Dkt. 21 at ¶ 16.). The

12   complaint provides no details of the terms of that retention or the obligations of any party.

13        While Mr. Kuhn repeatedly references his investment in HA Select (Dkt. 21 ¶¶ 15-32),

14   Plaintiff did not attach the contract he entered into with HA Select on February 27, 2020.

15   Defendants provided this contract to the Arizona court and do so again here.  (RJN Exhibit 2a.)

16   Plaintiff's reason for omitting the actual contractual agreement that governs his investment is

17   clear. Plaintiff's direct contract with HA Select establishes that Three Bell had no ability to do

18   anything with regard to Mr. Kuhn's investment other than provide information from the fund and

19   relay it to Mr. Kuhn, to the extent the fund did not do so directly.

20        Plaintiff's contract with the fund has the following material terms:

21   •    Plaintiff certified he was an accredited investor, with $5 million in assets, and he

22        knew the risks of this investment.  (RJN Ex. 2 at 51 ("The Subscriber is a personal

23        (non-business) trust, other than an employee benefit trust, with total assets in

24        excess of $5,000,000...").)

25   •    Plaintiff expressly understood that his investment was illiquid.  (*Id*. at 8 (¶ 6(c).)

26   •    Plaintiff also understood that none of the obligations under the contract could be

27        transferred, nor could the terms be modified except in writing, and that all of the

28        material terms and representations regarding his investment were contained in the

1    contract.  (*Id*. at 17 (¶¶ 12-14).)

2    •    Plaintiff also agreed to litigate any issue at all related to his investment in Cook

3        County, Illinois where the court would apply Delaware law.  (*Id.* at 18 (¶ 15).)

4    •    Plaintiff also confirmed that for communications regarding his investment in the

5        fund he would receive e-mail correspondence and that Three Bell would receive

6        duplicate communications."  (*Id.* at 41.)

7    Nothing in the contract Plaintiff had with HA Select gave Three Bell the ability to change

8    his investment.  All Three Bell could do was provide advice with regard to Plaintiff's investment,

9    to the extent Plaintiff requested or Three Bell suggested.  Three Bell would also receive copies of

10   communications about that investment made to Mr. Kuhn.

11   The email correspondence attached to the FAC plainly reflects Three Bell's limited role. It

12   is clear from the July 2020 email correspondence, attached as Exhibit B to the FAC, that HA

13   Select was in complete control of the process.  (Dkt. 21-2 at 2 ("We have been waiting for

14   HedgeAct to produce the paperwork necessary to effectuate the switch from FTM to MRLF.").)

15   Exhibit C to the FAC, which is further correspondence from July 2020, likewise reflects that

16   Three Bell was merely relaying information it was receiving from HA Select.  (Dkt. 21-3 at 4

17   ("The fund manager just informed me that there is only enough capacity in MRLF to

18   accommodate one of you switching from FTM to MRLF on 8/1.").)  Indeed, Mr. Porter explicitly

19   stated that he could ***not*** make a change that Mr. Kuhn requested.  (*Id.* at 2 ("I would love to do

20   that, but you can't.").)  When Mr. Kuhn inquired as to whether his investment was moved on

21   September 1, Mr. Porter made clear that he had no control over that.  (Dkt. 21-4 at 2 ("If they had

22   capacity, then yes.").)

23   Other allegations in Mr. Kuhn's FAC are contradicted by the very email correspondence

24   that Mr. Kuhn attached.  For example, Mr. Kuhn claims that communications in both February

25   2020 and then July 2020 are "unsolicited."  (Dkt. 21 ¶¶ 15, 22.)  But the text of the February 2020

26   email makes clear that it was a follow up to the dinner at which Mr. Kuhn and Mr. Porter met.

27   (Dkt. 21-1 at 2 ("In other words, if what you shared with Eric and I at dinner still holds true, and

28   you have more depreciation banked than passive income to offset it, all of this fund's return is

1    going to be tax-free income for you.").)  The July 20, 2020 email could not have been unsolicited

2    since, at that point, Mr. Kuhn had already retained Three Bell as its investment advisor, as Mr.

3    Kuhn admits.  (Dkt. 21 ¶ 16.)

4         Plaintiff then alleges that because Three Bell did not "move" Plaintiff's investment and

5    because HA Select engaged in certain conduct concerning the management of the Fund, Plaintiff

6    was harmed.  (Dkt. 21 ¶¶ 32-41.)  In its prayer for relief, without any contractual or statutory

7    basis, Plaintiff also makes a claim for "reasonable attorney's fees." (*Id.* at 7.)  These allegations

8    ignore that under Plaintiff's contract with HA Select, Three Bell has no ability to "move"

9    Plaintiff's investment.  Moreover, Plaintiff knew that his investment was illiquid and any request

10   for any adjustment was at the complete discretion of HA Select as set forth in the contract he

11   signed.  If Plaintiff has any claim for the conduct described here it is against HA Select, not

12   Defendants.

13       **D.    Plaintiff is Upset with His Investment in HA Select Litigation Fund, so Three**
         **Bell Refers Him to a Lawyer Who is Willing to Represent Plaintiff in**
14       **Litigation Over Plaintiff's Investment Fund**

15       In reality, prior to filing the Complaint in Arizona and here, Plaintiff understood that if he

16   had grievances about his investment, any remedy was with HA Select.  Email communications

17   from February 8, 2022 through April 7, 2022 between Three Bell and Plaintiff concerned his

18   desire to sue HA Select.  (RJN Exhibit 2 at 74-78 (Exhibit B to Porter Dec).)  Indeed, Three Bell

19   made the following clear on February 8, 2022:

20           Because any investment made in a fund managed by HedgeAct is
             done through an agreement between Investor and HedgeAct.  Three
21           Bell has no ability to further advocate on your behalf.  Thus, if you
             are interested in banding together with other HedgeAct investors to
22           force transparency regarding the actions being taken by HedgeAct,
             it is our advice that you retain counsel to represent you as a group.
23

24   (*Id.* at 74.)

25       After that email, Three Bell continued to assist Plaintiff, recommending counsel to hire,

26   and attempting to get other investors to retain the same counsel.  (*See id.* at 74-78.)  Despite

27   signing an engagement agreement with counsel to represent him against HA Select, Plaintiff

28   continued to communicate with Three Bell regarding the status of his legal claim against the fund.

1    (*Id.*)

2         After Plaintiff retained counsel, he refused to agree to allow Three Bell to receive

3    information about his HA Select investment in an electronic format as required by the company's

4    software.  As a result, Three Bell terminated the relationship.  (RJN Exhibit 2 at 79-86 (Exhibits

5    C and D to Porter Dec.).)[1]

6    **III.    ARGUMENT**

7         **A.    The FAC is Deficient Under Rule 8 Because the Bare and Convoluted**
          **Allegations Fail to Provide Defendants Fair Notice of the Claims Against**
8         **Them.**

9         Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief contain "a

10   short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. Rule

11   Civ. Proc. 8(a)(2).  One purpose of this rule is to provide defendants fair notice of the nature of

12   the claim and the grounds on which the claim rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

13   555 (2007).  While this rule does not require detailed factual allegations, it "demands more than

14   an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S.

15   662, 678 (2009).  Thus, a "formulaic recitation of the elements of a cause of action will not do."

16   *Id.*  Likewise, where allegations are "confusing or "incoherent," and are pled against multiple

17   defendants as a group, a dismissal is merited.  *Ceja v. Santa Ana Orange Cnty. California,* Case

18   No. 8:21-cv-00709 JLS (ADS), 2022 WL 1694463, at *2 (C.D. Cal. Apr. 11, 2022); *see also*

19   *Tamraz v. Bokotic Pathology Assocs. LLC,* Case No. 22-cv-0725, 2022 WL 16985001, at *2

20   (S.D. Cal. Nov. 16, 2022).  In *Ceja*, the first amended complaint included a short "convoluted"

21   allegation against several defendants and this the court determined it was "nearly impossible" to

22   "discern who is being sued and on what legal theory."  2022 WL 1694463 at *1.  Similarly, the

23   court in *Tamraz* affirmed that under Rule 8(a)(2), a "plaintiff suing multiple defendants must

24

25   _____
     [1] Plaintiff's reference to Three Bell "resisting discovery" in the investment fund's bankruptcy
26   litigation simply confirms the point that Mr. Kuhn's remedy, if any, is with the investment fund,
     not Defendants.  (Dkt. 21 ¶ 41.)  Magistrate Judge Cousins of this Court sanctioned the
27   investment fund and its attorneys $29,413.50 for improperly seeking discovery from Three Bell
     given its very limited involvement in the fund as an advisors to investors who directly invested in
28   the fund despite the fund's apparent effort to harass Three Bell and Mr. Porter. (*See* RJN Exhibit
     4.)

1   allege the basis of his claims against each defendant." 2022 WL 16985001 at *2 (citations

2   omitted).

3       Here, while the statements that make up the allegations for breach of fiduciary duty and

4   breach of contract are short, they hardly provide a plain statement of either claim such that

5   Defendants would be able to ascertain how or why Plaintiff would be entitled to relief from any

6   of them.  For one, all of the charging allegations lump Defendants into a group and do not

7   distinguish what each Defendant has done that purportedly constitutes a breach of a fiduciary

8   duty or a breach of contract, a fatal problem.  *See id.*

9       Second, while the FAC added a handful of details, it is still unclear what conduct

10  constitutes a breach.  For example, with regard to the breach of contract claim, the FAC appears

11  to allege that "Defendant" (both of them) breached the alleged contract with Plaintiff because

12  Defendants "did not perform a specific task," moving Plaintiff's funds he had invested HA Select.

13  (Dkt. 21 ¶ 49.)  Yet the FAC does not articulate how this constitutes a breach of any agreement,

14  let alone "establish the specific personal involvement of each defendant in the alleged wrongful

15  acts."  *See Tamraz, supra,* 2022 WL 16985001, at *2 (internal quotations omitted).  Indeed, the

16  FAC is not even clear about whether Plaintiffs said they "would" or "could" move the funds.

17  (Dkt. 21 ¶ 48.)

18      As discussed below, the FAC fails in this regard because such conduct does not, and

19  cannot, constitute a breach.  The *Twombly* and *Iqbal* courts interpreted rule 8(a)(2) to require that

20  claims meet the "facial plausibility" standard, i.e. the complaint must state a claim to relief that is

21  plausible on its face.  Here, it is clear that the alleged breach is implausible because neither

22  Mr. Porter nor Three Bell had the authority or ability to move the funds – only Plaintiff could do

23  so subject to the approval and discretion of HA Select.  (RJN Exhibit 2 at 8 (¶ 6(c).)

24  **B.      The FAC Should Be Dismissed Under Rule 12(b)(6) As It Fails to State a
           Claim**

25

26      The Court should dismiss a case when it fails to "state a claim upon which relief can be

27  granted."  Fed. R. Civ. P. 12(b)(6).  "Dismissal can be based on the lack of a cognizable legal

28  theory." *Balistreri v. Pacifica Police Dep't.* 901 F.2d 969, 699 (9th Cir. 1990).

1    Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

2    accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

3    (2009) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief

4    above the speculative level. . . ." *Twombly,* 550 U.S. at 555. Courts "are not bound to accept as

5    true a legal conclusion couched as factual allegation." *See Iqbal,* 556 U.S. at 678 (internal

6    quotation and citation omitted). Similarly, mere "naked assertions devoid of further factual

7    enhancement" do not suffice. *Id.* (internal quotations omitted).

8    In considering a motion to dismiss, a court may take judicial notice of extrinsic evidence

9    that is either "submitted as part of the complaint or necessarily relied upon by the complaint," as

10   well as "matters of public record." *Boisvert v. Li,* Case No. 13-cv-01590, 2014 WL 279915, at *2

11   (N.D. Cal. Jan. 24, 2014); *Datel Holdings Ltd. v. Microsoft Corp.,* 712 F.Supp.2d 974, 983 (N.D.

12   Cal. 2010). Trial courts may incorporate by reference extrinsic evidence on which the complaint

13   necessarily relies if: "(1) the complaint refers to the document; (2) the document is central to the

14   plaintiff's claims; and (3) no party questions the authenticity of the document." *See U.S. v.

15   Corinthian Colleges,* 655 F.3d. 984, 999 (9th Cir. 2011) (internal quotation marks and citation

16   omitted); *see also Garcia ex rel. Marin v. Clovis Unified Sch. Dist.,* Case No. 1:08-cv-1924 AWI

17   SMS, 2009 WL 2982900, at *7 (E.D. Cal. Sept. 14, 2009), *judgment entered*, 2009 WL 5111789

18   (E.D. Cal. Dec. 18, 2009) (dismissing complaint as improperly conclusory and unsupported by

19   e-mails incorporated by reference). This Court may also "take judicial notice of the final

20   decisions of other district courts[.]" *Lundquist v. Continental Casualty Co.,* 394 F.Supp.2d 1230,

21   1243 (C.D. Cal. 2005).

22   Importantly, especially for this case, the court is "not required to accept as true conclusory

23   allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart

24   Brewing Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998). Finally, California substantive law applies

25   to this diversity action. *Nelson v. Int'l Paint Co.,* 716 F.2d 640, 643 (9th Cir. 1983) (law of forum

26   state applies in diversity actions).

27   1.    The Breach of Fiduciary Duty Cause of Action Should be Dismissed.

28   Under California law, to plead a claim for breach of fiduciary duty, the complaint must

1  plead facts that defendants owed a fiduciary duty, that they breached the duty, and that damages

2  were proximately caused by the breach. *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1016 (N.D.

3  Cal. 2015).  Here, the FAC cites those elements but fails to provide facts as to what fiduciary duty

4  each defendant supposedly breached.  A generalized claim of fiduciary duty will not support a

5  legal claim if it is unsupported by any specific fiduciary duty imposed by law.  *See*, *e.g.*, *Berg &*

6  *Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1040 (2009) (finding "there is no broad,

7  paramount fiduciary duty of due care or loyalty that directors of an insolvent corporation owe the

8  corporation's creditors solely because of a state of insolvency").

9           The record before the Court establishes that Plaintiff individually invested in an Illinois-

10  based fund.  On his third attempt to construct a claim against Defendants, Mr. Kuhn still makes

11  only cursory allegations.  These allegations show that Three Bell, through Mr. Porter,

12  communicated about potential options Plaintiff might want to consider about that investment and

13  later told him that option was not available because the fund, per its direct contract with

14  Mr. Kuhn, had the complete discretion to deny any such request.  Defendants had no ability to do

15  anything regarding this direct investment by Mr. Kuhn, and they certainly did not "affirmatively

16  assert" that they "would" or "could move Plaintiff's funds," as reflected in the contemporaneous

17  communications between the parties.  (Dkt. 21 at ¶ 48.)  Indeed, the emails attached to Plaintiff's

18  FAC prove the opposite, as they are completely consistent with Plaintiff's direct contract with the

19  fund.  Therefore, nothing in these allegations support the breach of some undefined fiduciary duty

20  on the part of Defendants to enforce a personal contract right of Mr. Kuhn that he did not possess.

21                    2.    The Breach of Contract Claim Should be Dismissed.

22           Under California law, to state a cause of action for breach of contract the Plaintiff must

23  plead facts alleging the following:  "that a contract was formed; that the plaintiff did everything

24  required by the contract; that the defendant did not do something required by the contract; and

25  that the plaintiff was harmed as a result." *CSAA Ins. Exch. v. Hodroj*, 72 Cal. App. 5th 272, 276

26  (2021), review denied (Feb. 23, 2022).  And while a plaintiff need not allege the terms of the

27  alleged contract with precision, "the Court must be able generally to discern at least what material

28  obligation of the contract the defendant allegedly breached." *Qingdao Tang-Buy Int'l Imp. &*

*Exp. Co., Ltd. v. Preferred Secured Agents, Inc.,* Case No. 15-cv-00624-LB, 2016 WL 6524396, at *3 (N.D. Cal. Nov. 3, 2016) (quoting *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014).  Further, a party alleging a breach of contract must specify whether the contract is written, oral, or implied by conduct. *Second Measure, Inc. v. Kim*, 143 F. Supp. 3d 961, 971 (N.D. Cal. 2015).

Here, on the third attempt, the FAC still fails to allege the material terms of the contract between the Plaintiff and Defendants as well as whether the contract was oral or written, as well as identify the contracting parties.  Instead, it simply alleges that the "Defendants contracted with Plaintiff to perform a specific task, to wit: moving Plaintiff's funds from the International Fund to the Domestic Fund on September 1, 2020."  (Dkt. 21 ¶ 47.)  First, this statement is contradicted with the email correspondence and Plaintiff's contract with the fund, which states that all Three Bell could do was request paperwork for an investor to make such a request.  Second, this conclusory statement, among other things, fails to explain what constituted the consideration for this alleged contract.

As a result, it is impossible for the Court and Defendants to determine what material terms were part of the contract and whether such terms were oral or in writing.  Without such detail, it is impossible to determine what alleged obligation each defendant individually breached. Therefore, the FAC fails to allege the breach of contract claim sufficiently, and the claim fails as a matter of law.

        3.    <u>There Is No Legal Basis To Seek Recovery Of Attorneys' Fees.</u>

Under California law, which governs this dispute, attorneys' fees are only recoverable if provided by a specific contractual provision or statute.  *See Mega RV Corp. v. HWH Corp.*, 225 Cal.App.4th 1318, 1337 (2014).  Here, there are no allegations, which support recovery either by statute or by contract, and thus the claim for recovery of attorneys' fees should be dismissed.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, the Court should dismiss the FAC with prejudice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  August 22, 2023

HOPKINS & CARLEY
A Law Corporation

By: */s/ Dinah X. Ortiz*
     Mark V. Boennighausen
     Dinah X. Ortiz
     Attorneys for Defendants
     THREE BELL CAPITAL LLC, and
     JONATHAN PORTER

4881-5475-6726.2

- 13 -

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT