UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KUHN,<br><br>            Plaintiff,<br><br>      v.<br><br>THREE BELL CAPITAL, et al.,<br><br>            Defendants. | Case No.  23-cv-02958-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 26, 27 |

Defendants Jonathan Porter and Three Bell Capital, LLC move to dismiss plaintiff Peter Kuhn's breach of contract and breach of fiduciary duty claims under Federal Rules of Civil Procedure 8 and 12(b)(6). Defendants also request judicial notice of two court orders and several other documents. For the reasons set out below, Mr. Kuhn's claims will be dismissed with leave to amend and the Court will take judicial notice of only the two court orders.

## I.   Background

The following facts alleged in Mr. Kuhn's complaint are accepted as true for the purposes of Defendants' motion. Mr. Porter is the CEO of Three Bell, which is a Registered Investment Advisor. After meeting with Mr. Porter, Mr. Kuhn hired Three Bell as an advisor. On Mr. Porter's advice, Mr. Kuhn invested $200,000 in a fund operated by HedgeACT (a third party). Several months later, Mr. Porter suggested that Mr. Kuhn move that investment to a different HedgeACT fund to obtain higher returns. He "advised that Three Bell would handle the documentation" with HedgeACT. Mr. Porter initially suggested that an "8/1 switchover" would be possible for both Mr. Kuhn and a fellow investor, but later specified that one investor's funds would have to be transferred on August 1, 2020, and the other's on September 1, 2020. Mr. Porter asked Mr. Kuhn and the other investor which of them he should "put in" for the August "switch" and which would

wait until September. According to the complaint: "It was later agreed with Three Bell that Porter would move [the other investor's] funds first on August 1, 2020 and move Mr. Kuhn's funds subsequently on September 1, 2020." Mr. Kuhn contends that through this interaction, "a contract was formed with Defendants in which they promised to move Plaintiff's investment on or before September 1, 2020." Mr. Kuhn's investment was never moved, and Mr. Kuhn believes that financial problems affecting the fund in which he originally invested have rendered his investment in that fund worthless.

## II.     Legal Standards

Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." The purpose is twofold:

First, the complaint's allegations must "plausibly suggest" that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable." *Id.* at 678. The Court must "accept all factual allegations" and "construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). Legal conclusions "can provide the complaint's framework," but the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 664. A complaint that does not state a claim upon which the plaintiff can obtain relief can be dismissed under Rule 12(b)(6).

Second, the complaint's allegations must give the defendant "fair notice" and "enable the … party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading "which is so vague or ambiguous" that an opponent "cannot reasonably prepare a response" is insufficient. *See* Fed. R. Civ. P. 12(e).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). There are two exceptions. First, Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known" or "can be accurately

2

1  and readily determined from sources whose accuracy cannot reasonably be questioned." A court
2  may take notice of "*undisputed* matters of public record," but not of "disputed facts stated in
3  public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in
4  original). Thus, "when a court takes judicial notice of another court's opinion, it may do so not for
5  the truth of the facts recited therein, but for the existence of the opinion." *Id.* (cleaned up). Second,
6  the doctrine of incorporation by reference permits a court to treat an extrinsic document as if it
7  were part of the complaint if the pleading "refers extensively to the document" or if "the document
8  forms the basis" of a claim. *Khoja*, 899 F.3d at 1002. Incorporation can be proper "when assessing
9  the sufficiency of a claim requires that the document at issue be reviewed," but is not warranted
10 when "the document merely creates a defense to the well-pled allegations." *Id.* Incorporation by
11 reference "is designed to prevent artful pleading by plaintiffs" but should not be used as a "tool for
12 defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003.

**III.    Defendants' Request for Judicial Notice Is Granted in Part and Denied in Part.**

Before assessing the sufficiency of Mr. Kuhn's complaint, the Court must determine which materials and facts it can consider. Defendants seek to supplement the allegations in Mr. Kuhn's complaint by moving for judicial notice of two court orders, a copy of the agreement between Mr. Kuhn and the HedgeACT fund he invested in, several email chains between Mr. Kuhn and Mr. Porter, a calendar invitation, and a copy of Mr. Kuhn's LinkedIn profile. The Court will take notice of the court orders showing the existence of separate proceedings in the District of Arizona (Case No. CV-23-00222) and the Northern District of California (Case No. 22-MC-80338). These public records are clearly noticeable under Rule 201 (although the Court will not take notice of any disputed facts contained in the orders).

The remaining materials, however, are neither proper subjects of judicial notice nor incorporated by reference into the complaint. For example, Mr. Kuhn's complaint does not clearly or "extensively" refer to the Subscription Agreement between Mr. Kuhn and the HedgeACT fund, nor do his claims arise from or depend on it. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Defendants contend that the subscription agreement demonstrates that they "could not have committed the breach alleged," but at the 12(b)(6) stage, "[s]ubmitting documents not

mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint." *Khoja*, 899 F.3d at 1003. The agreements at issue in this case are the agreements (if any) between Mr. Kuhn, Mr. Porter, and Three Bell (agreements no party has sought to introduce). The separate agreement between Mr. Kuhn and the fund he invested in may turn out to be relevant, but Mr. Kuhn's complaint in no way incorporates by reference that third-party agreement.

Likewise, none of the email communications or other documents Defendants have submitted are incorporated into Mr. Kuhn's complaint or otherwise judicially noticeable. These documents are neither extensively referenced in the complaint nor central to resolving Mr. Kuhn's claims. They may provide "context," as Defendants contend, or they may show that Mr. Porter and Three Bell have strong defenses to Mr. Kuhn's claims. But as with the subscription agreement, their incorporation is not required to assess the sufficiency of the claims pleaded in Mr. Kuhn's complaint, and the Court cannot consider them on this Rule 12(b)(6) motion.

Accordingly, Defendants' request for judicial notice is granted as to the two court orders and denied as to the remaining documents.

## IV. Defendants' Motion To Dismiss Is Granted With Leave To Amend.

### A. Mr. Kuhn's Breach of Fiduciary Duty Claim Is Vague and Ambiguous and Does Not Provide Fair Notice to Defendants Under Rule 8.

In attacking Mr. Kuhn's breach of fiduciary duty claim, Defendants' main contention is that Mr. Kuhn failed to identify the source of that fiduciary duty. But Mr. Kuhn alleges that he hired Three Bell as an investment advisor and this is a relationship that can give rise to a fiduciary duty under California law. *See, e.g.*, *Hasso v. Hapke*, 227 Cal. App. 4th 107, 140 (2014).

While Mr. Kuhn's barebone pleading of his fiduciary duty claim thus arguably satisfies the relatively lenient notice-pleading standard, his allegations are vague as to the source and scope of the alleged investment advisor fiduciary duty and ambiguous as to which conduct by which defendant breached that duty. As a result, the existing complaint does not provide fair notice to Defendants or enable them to defend themselves effectively. Mr. Kuhn's breach of fiduciary duty claim is dismissed with leave to amend so that he can provide a more definite and direct statement

4

of each element of his breach of fiduciary duty claim, including the source of the alleged duty, whether the scope of that duty is affected by any agreement between Mr. Kuhn and any of the defendants, and the specific conduct by each defendant alleged to breach that duty.

### B.   The Complaint Does Not Adequately State a Breach of Contract Claim.

Defendants also seek to dismiss Mr. Kuhn's breach of contract claim under Rule 12(b)(6). The first element of a California breach of contract claim is "that a contract was formed." *CSAA Ins. Exch. v. Hodroj*, 72 Cal. App. 5th 272, 276 (2021). Contract formation, in turn, requires "sufficient cause or consideration." Cal. Civil Code § 1550.

Here, Mr. Kuhn's complaint alleges only that "a contract was formed." The complaint does not allege facts establishing each of the elements of contract formation, and "[a] pleading that offers labels and conclusions or … naked assertions devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (cleaned up). For example, the complaint does not consistently identify the parties to the contract, and thus fails to provide clear guidance as to whether Three Bell, Mr. Porter, or both were counterparties to a contract with Mr. Kuhn. Moreover, the existing complaint does not allege that Mr. Kuhn provided consideration to Mr. Porter or Three Bell in exchange for the promise to move his investment in September 2020.[1] Absent an allegation of consideration, a mere assurance or promise by Mr. Porter that he would move Mr. Kuhn's investment does not plausibly allege that there was a binding and enforceable contract between Mr. Kuhn and Mr. Porter or Three Bell.

For these reasons, Mr. Kuhn's breach of contract claim is dismissed with leave to amend.

### V.   Conclusion

Mr. Kuhn's complaint is dismissed with leave to amend. Any amended complaint shall be filed within 21 days of the filing of this Order. Defendants' request for judicial notice is denied except as to the two court orders.

---

[1] Mr. Kuhn contended at oral argument that the fees paid for Three Bell's services provided sufficient consideration, but Mr. Kuhn's existing complaint does not include any allegation that he ever actually paid such fees.

**IT IS SO ORDERED.**

Dated: October 12, 2023

_____
P. Casey Pitts
United States District Judge