William M. Fischbach, SBN 019769 (admitted *Pro Hac Vice*)_
Elliot C. Stratton SBN 034025 (admitted *Pro Hac Vice*)

**TB  TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
EMAIL: wmf@tblaw.com; ecs@tblaw.com

Chad L. Butler (CBN 270888)

**TB  TIFFANY & BOSCO**
P.A.

1455 FRAZEE ROAD, SUITE 820
SAN DIEGO, CA 92108
TELEPHONE: (619) 794-0515
FACSIMILE: (619) 487-9079
EMAIL: clb@tblaw.com

*Attorneys for Plaintiff/Counter-Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Kuhn, personally and in his capacity as trustee of the Kuhn Trust, | Case No.:  5:23-cv-02958-PCP |
| Plaintiff/Counter-Defendant, | |
| vs. | **ANSWER TO THE COUNTERCLAIM** |
| Three Bell Capital, LLC, a California Limited Liability Company; Jonathan Porter, a Married Man; | |
| Defendants/Counterclaimants. | |

Counter-Defendant Peter Kuhn, acting personally and in his capacity as trustee of the Kuhn Trust, answers the counterclaim filed at ECF No. 44 by Defendants Three Bell Capital, LLC and Jonathan Porter as follows:

1.      With respect to the allegations in paragraph 1 of the counterclaim, Kuhn admits that the Kuhn Trust, of which Kuhn is trustee, qualified as an "accredited investor," as that term is used by the Securities Exchange Commission, when the Kuhn Trust invested in the HASelect-FTM Medical Receivables Litigation Finance Fund SP in 2020.

1

2.    With respect to the allegations in paragraph 2 of the counterclaim, Kuhn admits that he was the principal and founder of IBP Insurance Services, which was acquired by Acrisure in June 2017; that he serves as the company's chief executive officer; and that the company has an office in San Jose, California. Kuhn otherwise denies the allegations in paragraph 2 of the counterclaim.

3.    With respect to the allegations in paragraph 3 of the counterclaim, Kuhn admits that the Kuhn Trust had total assets in excess of $5,000,000 when the Kuhn Trust invested in the HASelect-FTM Medical Receivables Litigation Finance Fund SP in 2020. Kuhn otherwise denies the allegations in paragraph 3 of the counterclaim.

4.    With respect to the allegations in paragraph 4 of the counterclaim, Kuhn lacks knowledge or information sufficient to form a belief about the truth those allegations. Kuhn affirmatively alleges that he completed the new client paperwork that Three Bell Capital provided to him.

5.    With respect to the allegations in paragraph 5 of the counterclaim, Kuhn admits that he did not pay Three Bell Capital any fees for its investment advisory services. Kuhn affirmatively alleges that Three Bell Capital billed him more than once for its services, but that Porter later represented to Kuhn in an email sent on March 14, 2022, that Three Bell Capital would be "refunding" its clients "via a fee waiver." *See* ECF No. 41-14. Kuhn otherwise denies the allegations in paragraph 5 of the counterclaim.

6.    Kuhn denies the allegations in paragraph 6 of the counterclaim.

7.    Kuhn denies the allegations in paragraph 7 of the counterclaim.

8.    Kuhn lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the counterclaim.

9.    With respect to the allegations in paragraph 9 of the counterclaim, Kuhn admits only that he attended a dinner on or about December 10, 2019, at Forbes Steakhouse in Los Gatos with Porter, Eric Patterson, Mark Parelius, and Ron Filice. Kuhn denies the remaining allegations in paragraph 9 of the counterclaim, and specifically denies that he expressed an interest during that dinner in medical receivable investments.

10.     With respect to the allegations in paragraph 10 of the counterclaim, Kuhn admits he executed the document attached as Exhibit E to the second amended complaint. Kuhn affirmatively alleges that the subscriber under the subscription agreement included in Exhibit E to the second amended complaint was the Kuhn Trust. Kuhn admits that, in Part III of the prospective investor questionnaire included in Exhibit E to the second amended complaint, Kuhn checked the box that said: "The Subscriber is a personal (non-business) trust, other than an employee benefit trust, with total assets in excess of $**5,000,000** which was not formed for the purpose of investing in the Fund and whose decision to invest in the Fund has been directed by a person who has such knowledge and experience in financial and business matters that he or she is capable of evaluating the merits and risks of the investment." Kuhn otherwise denies the allegations in paragraph 10 of the counterclaim.

11.     Kuhn lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the counterclaim.

12.     With respect to the allegations in paragraph 12 of the counterclaim, Kuhn admits that he never put any money in a "client account" maintained by Three Bell Capital. To the extent the counterclaimants are attempting to reference some other account in paragraph 12 of the counterclaim, Kuhn lacks knowledge or information sufficient to form a belief about the truth of the allegations in that paragraph. Kuhn affirmatively alleges that he listed multiple Three Bell Capital employees or agents as "authorized representatives" for the Kuhn Trust in the subscription agreement for the Kuhn Trust's investment in the HASelect-FTM Medical Receivables Litigation Finance Fund SP. *See* ECF No. 41-5.

13.     With respect to the allegations in paragraph 13 of the counterclaim, Kuhn admits only that the $200,000 the Kuhn Trust invested in the HASelect-FTM Medical Receivables Litigation Finance Fund SP was wired from a UBS account. Kuhn otherwise denies the allegations in paragraph 13 of the counterclaim.

14.     Kuhn admits the allegations in paragraph 14 of the counterclaim.

15.     With respect to the allegations in paragraph 15 of the counterclaim, Kuhn admits only that he formerly received monthly updates from HedgeACT, but that he has not received any such updates for approximately a year or longer. Kuhn affirmatively alleges that Porter also formerly provided him with monthly updates on the Kuhn Trust's investment in the HASelect-FTM Medical Receivables Litigation Finance Fund SP. Kuhn otherwise denies the allegations in paragraph 15 of the counterclaim.

16.     Kuhn denies the allegations in paragraph 16 of the counterclaim.

17.     Kuhn admits he has not sued Griffin Asset Management, but otherwise denies the allegations in paragraph 17 of the counterclaim.

18.     With respect to the allegations in paragraph 18 of the counterclaim, Kuhn admits only that he is contending in this action that the defendants had an obligation to disclose information they did not disclose. Kuhn lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 18 of the counterclaim.

19.     With respect to the allegations in paragraph 19 of the counterclaim, Kuhn believes Porter may have put in a redemption request for all of Three Bell Capital's clients, which presumably would have included Kuhn, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the counterclaim.

20.     With respect to the allegations in paragraph 20 of the counterclaim, Kuhn does not know what the counterclaimants mean by their allegation that "Mr. Kuhn never sought help from EWM regarding the investment at issue." Consequently, Kuhn lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the counterclaim.

21.     Kuhn lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the counterclaim.

22.     Kuhn denies the allegations in paragraph 22 of the counterclaim.

23.     With respect to the allegations in paragraph 23 of the counterclaim, Kuhn admits there is a dispute between the plaintiff/counter-defendant and the defendants/counterclaimants in this action about the legal obligations the defendants owed to the plaintiff. Kuhn otherwise denies the allegations in paragraph 23 of the counterclaim.

24.     With respect to the allegations in paragraph 24 of the counterclaim, Kuhn denies the counterclaim sets forth a proper request for declaratory relief under the federal Declaratory Judgment Act.

25.     Kuhn denies that the counterclaimants are entitled to any of the relief prayed for in the "Prayer for Relief" section of the counterclaim.

26.     Kuhn denies each and every allegation in the counterclaim that he has not expressly admitted in this answer.

## AFFIRMATIVE DEFENSES

27.     For his affirmative defenses, Counter-Defendant Peter Kuhn asserts one or more of the following:

a.   Failure to state a claim upon which relief can be granted

b.   Statute of limitations and laches

c.   Equitable estoppel

d.   Promissory estoppel

e.   Accord and satisfaction

f.   Assumption of risk

g.   Ratification

h.   Waiver

i.   Lack of damages

j.   Failure to mitigate damages

k.   Uncured material breach

l.   Prevention of performance

m.  Unclean Hands

28.     Discovery may reveal the existence and applicability of additional affirmative defenses. For the specific purpose of not waiving any defenses which are revealed or clarified through further discovery, Counter-Defendant preserves those affirmative defenses as contained within Federal Rules of Civil Procedure 8, 12, and 19, as well as any applicable case law.

**WHEREFORE**, having answered the counterclaim, Counter-Defendant Peter Kuhn prays that the court dismiss the counterclaim in its entirety or enter judgment on the counterclaim in Kuhn's favor, and award Kuhn his taxable costs and attorneys' fees as allowed by applicable law.

RESPECTFULLY SUBMITTED this 6th day of December, 2023.

TIFFANY & BOSCO
P.A.

By: */s/ William M. Fischbach*
William M. Fischbach
Elliot C. Stratton
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
***Attorneys for Plaintiff/Counter-Defendant***

TIFFANY & BOSCO
P.A.

By: */s/ Chad L. Butler*
Chad L. Butler
1455 Frazee Road, Suite 820
San Diego, California 92108
***Attorneys for Plaintiff/Counter-Defendant***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark V. Boennighausen
Dinah X. Ortiz
**HOPKINS & CARLEY**
P.O. Box 1469
San Jose, CA 95109-1469
E:  mboennighausen@hopkinscarley.com
E:  dortiz@hopkinscarley.com
***Attorneys for Defendants***

By:   */s/ Kim Lehman*