Mark V. Boennighausen, Bar No. 142147
mboennighausen@hopkinscarley.com
Dinah X. Ortiz, Bar No. 273556
dortiz@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:	(408) 286-9800
Facsimile:	(408) 998-4790

Attorneys for Defendants
THREE BELL CAPITAL LLC, AND JONATHAN PORTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER KUHN,<br><br>        Plaintiff,<br><br>v.<br><br>THREE BELL CAPITAL, LLC, a California limited liability company, JONATHAN PORTER, a Married Man, DOES I through V, inclusive; ABC Corporation I through V, inclusive, and XYZ Partnerships I through V, inclusive,<br><br>        Defendants. | CASE NO.  5:23-cv-02958-PCP<br><br>**STIPULATION TO AMEND COURT SCHEDULE AND SET SETTLEMENT CONFERENCE PURSUANT TO LOCAL RULE 7; [PROPOSED] ORDER**<br><br>Judge:	Hon. P. Casey Pitts |

This Stipulation is made between Plaintiff Peter Kuhn ("Plaintiff" or "Mr. Kuhn") and Defendants Three Bell Capital, LLC ("Three Bell") and Jonathan Porter ("Mr. Porter") (collectively "Defendants") through their respective attorneys. Plaintiff and Defendants (collectively, the "Parties") hereby stipulate to modify the Court's Case Management Order For Certain Deadlines and that the Court refer this matter for settlement pursuant to Local Rule 7 as follows:

WHEREAS, this matter concerns a single investment made by Plaintiff in 2020 for which he paid $200,000;

WHEREAS, after motion practice between the parties, the current operative Second Amended Complaint has a single cause of action for Breach of Fiduciary Duty against Three Bell and Mr. Porter;

WHEREAS, the parties have exchanged written discovery and more than 3,400 documents have been produced;

WHEREAS, prior to incurring the mutual expense of engaging in potential additional discovery and potential motion practice, the parties met and conferred about the case the possibility of resolving this matter through a settlement conference;

WHEREAS, the Parties and their counsel agree that this matter is ripe for settlement and believe that the best chance of resolving it is through a Rule 7 conference. The parties have reviewed the Court's standing order and are aware that a Rule 7 settlement conference without private ADR or early neutral evaluation is an "exception";

WHEREAS, the Parties and their counsel believe that this case merits the exception of a direct Rule 7 conference. In particular, as a result of the economics of this case, the hotly disputed difference in opinion regarding the legal merits, and the personalities of the principals involved, counsel believe the best method to resolve this matter is through a Rule 7 conference. In particular, the Parties and their counsel believe an experienced Northern District judicial officer, who can candidly and authoritatively advise the parties on the realities of their positions and the cost of resolving this matter through litigation versus settlement will make it more likely to

1  resolve;[1]

2  WHEREAS, both Mr. Kuhn and Mr. Porter are committed to attending with their counsel

3  in person in the Bay Area;

4  WHEREAS, Defendants submitted in the Joint CMC statement at the outset that a Rule 7

5  settlement conference was likely the best method to resolve this matter (Dkt. 48 p. 12);

6  WHEREAS, the parties are prepared to attend a settlement conference in June but if one

7  cannot be set in June, Mr. Kuhn will be out of the country from June 25th to July 15th, so it will

8  have to be set afterward. Defendants are generally available after Mr. Kuhn's return;

9  WHEREAS, in light of the parties wanting to avoid unnecessary expense and try to

10  resolve this issue through a settlement conference and the uncertainty as to when a Rule 7

11  conference could take place, the Parties request a modification of case deadlines as set forth

12  below. The modifications will not impact the trial date;

13  THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the case schedule set

14  forth in this Court's Case Management Order (Dkt. 48) is modified as follows:

| Deadline | Current cut-off date | New cut-off date |
|---|---|---|
| Fact discovery cutoff | August 30, 2024 | October 15, 2024 |
| Initial Rule 26(a)(2) expert disclosures | September 20, 2024 | October 30, 2024 |
| Rebuttal expert disclosures | October 21, 2024 | November 21, 2024 |
| Expert discovery cutoff | November 22, 2024 | December 20, 2024 |
| Last hearing date for dispositive and *Daubert* motions | January 9, 2025 | February 10, 2025 |

22  //

23  //

24  //

25  //

26  //

---

[1] Notably, the Northern District mediation program makes clear that the "mediator generally does not give an overall evaluation of the case."

1  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2  Dated: May 31, 2024                           HOPKINS & CARLEY
3                                                A Law Corporation

4

5                                                By: */s/ Mark V. Boennighausen*
                                                     Mark V. Boennighausen
6                                                    Attorneys for Defendants
                                                     THREE BELL CAPITAL LLC, AND
7                                                    JONATHAN PORTER

8  Dated: May 31, 2024                           TIFFANY & BOSCO P.A.

9

10                                               By: */s/Elliot C. Stratton*
                                                     Elliot C. Stratton
11                                                   Attorneys for Plaintiff
                                                     PETER KUHN

12

13    In light of the representations in the stipulation and good cause being shown, the Court

14 refers this case to a Rule 7 settlement conference. The Court will inform the Parties of the

15 Magistrate Judge who will be conducting the settlement conference, who will thereafter set a date

16 for the conference.

17    The Court modifies the current case schedule as forth below:

18

| Deadline | Current cut-off date | New cut-off date |
|---|---|---|
| Fact discovery cutoff | August 30, 2024 | October 15, 2024 |
| Initial Rule 26(a)(2) expert disclosures | September 20, 2024 | October 30, 2024 |
| Rebuttal expert disclosures | October 21, 2024 | November 21, 2024 |
| Expert discovery cutoff | November 22, 2024 | December 20, 2024 |
| Last hearing date for dispositive and *Daubert* motions | January 9, 2025 | February 10, 2025 |

**IT IS SO ORDERED**

Dated: _____

                                                HON. P. CASEY PITTS
                                                United States District Court Judge

HOPKINS & CARLEY

4881-3901-0685.1                                - 4 -

STIPULATION REGARDING MODIFYING COURT DEADLINES AND SETTLEMENT CONFERENCE

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Local Rule 5-1(h)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: May 31, 2024

HOPKINS & CARLEY
A Law Corporation


By: */s/ Mark V. Boennighausen*
    Mark V. Boennighausen
    Attorneys for Defendants
    THREE BELL CAPITAL LLC, AND
    JONATHAN PORTER