June 4, 2024

Judge Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

>  **Re:**   **_Peter Kuhn v. Three Bell Capital, LLC, et al; Case No. 5:23-cv-02958- PCP_**

Under Section 4 of this Court's Standing Order for Civil Cases, the Parties jointly submit this discovery dispute letter.

## I.      Joint Statement of Discovery Dispute.

This dispute concerns Defendants' responses to Plaintiff's first set of discovery. Plaintiff alleges Defendants failed or refused to answer its discovery requests and asserted improper and inapplicable objections. Defendants contend Plaintiff's interrogatories totaled more than twenty-five (25) interrogatories. Accordingly, Defendants responded to what they contend to be "the first 25 interrogatories" and objected to the remainder. Defendants also objected to Plaintiff's interrogatories and requests for production and contend that they properly objected and responded consistent with Rule 26

## II.     Plaintiff's Position.

### A.      Factual Background and Procedural History.[1]

Plaintiff was introduced to Defendants in late 2019, and in early 2020, at Defendants' direction, Plaintiff opened a client account under Three Bell's management, made Three Bell Plaintiff's authorized agent, and invested $200,000 into the International Fund.

Plaintiff alleges Defendants breached their fiduciary duties to Plaintiff as "investment advisors" under California law by failing to perform proper due diligence on the International Fund, disclose conflicts of interest arising out of Defendants' separate investments in the International Fund, report excessive performance fees charged by GAM, and investigate or

---

[1] All capitalized terms have the same meaning as defined in Exhibit A.

June 4, 2024
Page 2

disclose information indicating the looming financial collapse of the International Fund. Plaintiff further alleges Defendants selectively and preferably redeemed or transferred other clients' funds and never transferred Plaintiff's funds out of the International Fund despite stating they would do so.

Plaintiff propounded his first set of discovery requests to Defendants on February 2, 2024, comprised of fourteen (14) requests for production ("RFP"), fourteen (14) requests for admission ("RFA"), and eight (8) non-uniform interrogatories ("NUI"). **Exhibit A**, Plaintiff's First Set of Discovery to Defendants. Defendants responded to Plaintiff's first set of discovery on March 4, 2024. **Exhibit B**, Defendants' responses to Plaintiff's Requests for Admission, Set One; **Exhibit C**, Defendants' Responses to Plaintiff's Requests for Production, Set One; **Exhibit D**, Defendants' Responses to Plaintiff's Non-Uniform Interrogatories, Set One.

**B.      Discovery Dispute.**

Plaintiff's first set of discovery seeks information relevant to the factual allegations underpinning Plaintiff's theories of breach of fiduciary duty including Defendants' due diligence and investment strategy regarding the International Fund and similar investments, knowledge of excessive performance fees and looming financial concerns for the International Fund, and efforts to organize transfers or redemptions from the International Fund for other clients prior to the same opportunity being offered to Plaintiff. Plaintiff's sought discovery is limited to the "Relevant Period" from January 1, 2017, to present. Defendants' virtually universal objections on grounds of relevance and proportionality regarding these subjects should be overruled as they are directly relevant to Plaintiff's claims and crafted in a manner that is proportional to Plaintiff's needs in this case.

**i.      Non-Uniform Interrogatories.**

Plaintiff's NUI Number One states:

June 4, 2024
Page 3

> For any request for admission that You did not admit
> unequivocally, describe the legal and factual basis for Your failure
> to admit and identify all documents and witnesses supporting Your
> failure to admit and explanation.

Exhibit A at 11:14-17. Defendants claim this language constitutes forty-two (42) discrete interrogatories based on three (3) purported questions—legal/factual basis, witness identities, and documents—for each of Plaintiff's fourteen (14) RFAs. Accordingly, Defendants selectively and voluntarily responded to what Defendants deemed to be the "first 25 interrogatories" by answering the foregoing three purported questions for RFAs one through eight and the first purported question regarding RFA 9. Defendants refused to respond any additional interrogatories.

Under Rule 33(a), all subparts that are "logically or factually subsumed within and necessarily related to the primary question" count as a single interrogatory. *Trevino v. ACB AM., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal 2006) (citing *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998); *see also Moser v. Navistar Int'l Corp.*, No. 4:17-cv-598, 2018 WL 3614012, at *6 (E.D. Tex. July 27, 2018) (citing *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 315 F.R.D. 191, 194 (E.D. Tex. 2016) ("Although there is no precise test for determining 'discreteness' under a Rule 33(a)(1) inquiry . . . . 'the issue turns on a case-by-case assessment of the degree to which the subpart is logically related to the primary question in the interrogatory.'"). In other words, subparts are discrete only where one subpart may be answered "fully and completely" without reference to another subpart. *See Moser*, 2018 WL 3614012, at *6 (citation omitted).

Plaintiff's NUI Number One is a single interrogatory with no discrete subparts. Plaintiff's RFAs are all logically and factually related such that the answers, witnesses, and relevant documents overlap to the point the minor differences between them are subsumed into the primary subject matter regarding Defendants' denials of crucial case issues. Even if Defendants'

June 4, 2024
Page 4

response to each RFA is deemed discrete, however, there is no merit to Defendants' claim that the three questions relative to each RFA are discrete because describing the logical and factual basis for a denial necessarily involves referencing the applicable evidence, *i.e.*, witnesses and documents. Similarly, a list of witnesses and documents would be useless without reference to the factual or legal claims or defenses supported. Because the three questions cannot be fully and completely answered separately, they are not discrete subparts. Thus, even if Plaintiff's NUI Number One constitutes 14 discrete subparts—one for each RFA—Plaintiff is still below the limit of twenty-five interrogatories and Defendants cannot object under Rule 33's numerical limit.

Additionally, by partially answering Plaintiff's interrogatories, Defendants waived their right to object based on the purportedly excessive number of interrogatories propounded by Plaintiff. *See Allahverdi v. Regents of the Univ. of New Mexico,* 228 F.R.D. 696, 698 (D.N.M.2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); *IMA North America, Inc. v. Marlyn Nutraceuticals, Inc.,* 2007 WL 2391099 at *3 (D. Ariz.) (citation omitted) ("Courts have specifically held that if there is a violation of the 25 interrogatory limit in Rule 33(a), 'the responding party must object (to the Court) to the number of interrogatories before responding in order to rely on this rule.'").

### ii.     Requests for Production.

Plaintiff's RFPs 6, 8, and 9 request documents related to Defendants' clients during the Relevant Period, specifically those who were invested in or divested from the International Fund during the Relevant Period. Defendants object to this production asserting the investments of

June 4, 2024
Page 5

Defendants' other clients are not relevant to this case and are protected by those clients' privacy rights. The client documents are directly relevant to proving Plaintiff's allegation that Defendants made selective or preferential redemptions or transfers of some clients' funds before offering the same opportunity to Plaintiff. If privacy concerns exist in this case, the Court may employ a balancing test weighing the potential harm to the subject of the purported privacy violation against "the need for the information sought." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (citation omitted). Here, even if Defendants' clients have some amorphous privacy right in their client files with Defendants, any risk of harm is alleviated *by the stipulated protective order in this case* that prevents misuse or unauthorized outside disclosure of materials deemed confidential by the disclosing party. Moreover, Plaintiff's need for the client information is great because it is directly relevant to one of Plaintiff's key allegations. Finally, relief may generally only be sought by "[t]he party or person whose privacy is affected. *Id.* (citation omitted). Defendants have no authority to assert privacy claims on behalf of their clients; such claims must be made by the clients themselves.

      In response to Plaintiffs' RFPs 1, 2, and 3, Defendants produced a limited number of communications between Defendants and GAM- or Infinity-related individuals. Defendants then vaguely refer to this limited production in response to Plaintiffs' RFPs 4, 5, 7, 10, 11, 13, and 14 rather than substantively responding to the nature of the requests which are directly relevant to Plaintiff's allegations regarding Defendants' due diligence efforts, preferential transfers, and investigatory measures. Defendants' limited responses are at best incomplete and at worst intentionally evasive; in either event, they are insufficient and "must be treated as a failure to . . . respond." Ariz. R. Civ. P. 37(a)(4).

### C.    Resolution.

      The Court should overrule all of Defendants' discovery objections and order Defendants to supplement their discovery responses with substantive responses to all of Plaintiff's RFPs and

June 4, 2024
Page 6

NUIs. Alternatively, should the Court wish to consider this dispute in greater detail, Plaintiff

requests leave to file a motion to compel discovery responses so this dispute may be fully briefed

by the Parties. Finally, should the Court find Plaintiff exceeded the number of allowable

interrogatories, the Plaintiff requests that the Court grant Plaintiff leave to serve additional

interrogatories as necessary to account for the number of essential interrogatories served with

Plaintiff's first set of discovery.

### III.    Defendants' Position.

#### A.    Introduction

Plaintiff mischaracterizes this case. As set forth in the contract attached to the Second

Amended Complaint ("SAC") as Exhibit E, in 2020, Plaintiff bought an investment from Griffin

Asset Management ("GAM"), a party he did not sue. Dkt. No. 41-5 at 51. He paid $200,000

through an investment account operated by his investment advisory group, UBS. Plaintiff

acknowledged in the contract that he had all the information he needed to invest. He also

acknowledged that the investment was non-liquid (*id*. at 5) and that GAM had complete

discretion whether to redeem or change the investment. *Id.* at 9. This entire case concerns this

single investment.

Plaintiff further acknowledged in his Answer to the Counterclaim that he is an accredited

investor (Dkt. No. 46 at 1:25-28) and can read English. (*Id.* at 3:14.) Discovery has established

that he has had an investment advisory relationship with UBS since 2007 and had more than $8

million dollars in a UBS custodial account in 2019.

Defendants presented the International Fund investment as an option to consider to

Plaintiff as well as to Ron Filice and Mark Parelius, the two individuals who introduced Plaintiff

to Defendants. Plaintiff never paid Defendants any money (Dkt. No. 44 p. 15 lns. 22-23), and

thus Defendants never had any control over Plaintiff's money.

June 4, 2024
Page 7


In responding to Plaintiff's fourteen Requests for Production of Documents, Defendants diligently searched for and produced every communication regarding Plaintiff's investment with GAM from October 1, 2019, to December 31, 2022.  Defendants also produced all communications involving Mr. Filice and Mr. Parelius's investment with GAM during the same period. This timeframe encompasses the parties' first meeting in November 2019 to the termination of any relationship in November 2022. This production consisted of 4,868 pages of documents.

**B.     Federal Rule of Civil Procedure ("FRCP") Rule 33 specifically limits the number of interrogatories a party may serve without a Court order.**

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FRCP Rule 33(a)(1). "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am.*, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006). However, "[i]nterrogatories… ask[ing] plaintiff to state every fact, identify every document, and identify every witness which supports plaintiff's response to each request for admission which was not unqualified admitted" count as discrete subparts against the 25 interrogatory limit. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Interrogatory No. 1 asks three discrete questions about each Request for Admission ("RFAs") that Defendants denied, specifically: "describe the factual and legal basis for Your failure to admit;" "identify all documents… supporting Your failure to admit;" and "identify all… witnesses supporting Your failure to admit." Defendants did not admit 14 RFAs. This interrogatory thus asks 42 discrete questions which constitute 42 separate interrogatories, well

June 4, 2024
Page 8

beyond the 25 allowed by Rule 33. Accordingly, Defendants properly answered the first 25

interrogatories only.

Plaintiff provides no authority interpreting Rule 33 in a different manner. For example,

*Moser v. Navistar International Corporation* held that most jurisdictions treat "related questions"

as separate interrogatories. No. 4:17-CV-00598, 2018 WL 3614012, at *6 (E.D. Tex. July 27,

2018). Tellingly, Plaintiff cites no California or Ninth Circuit case supporting his argument.

### i.   Defendants Did not Waive Objections.

FRCP Rule 33(b)(4) provides, "[t]he grounds for objecting to an interrogatory must be

stated with specificity." Here, Defendants specifically objected to each interrogatory in excess of

25. There is no basis to argue that Defendants waived objections when they in fact made them.

Plaintiff's citation to *Allahverdi v. Regents of the Univ. of New Mexico*, 228 F.R.D. 696,

698 (D.N.M. 2005) is neither controlling nor persuasive. In addition to being outside the Ninth

Circuit and contrary to Rule 33(b)(4), it is unclear in the case whether the responding party, in

addition to answering some interrogatories, responded to the excess interrogatories by objecting.

In circumstances where there were excess interrogatories, courts in the Ninth Circuit find that it

is proper for parties to object to and not answer the excess interrogatories. *See*, *e.g.*, *Bovarie v.*

*Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011).

### ii.   Plaintiff Cannot Show Good Cause for Excessive Interrogatories.

Plaintiff does not seek leave to serve more than 25 interrogatories. Moreover, given the

limited scope of this case, such a request would fail. "When a party seeks leave to serve

additional interrogatories, that party must make a particularized showing of why that discovery is

necessary." *Waterbury v. Scribner*, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *8

(E.D. Cal. May 8, 2008) (internal citations omitted). This case deals with one investment by one

party. At the outset of the case, the parties agreed in the Joint Case Management Conference

June 4, 2024
Page 9

Statement that discovery outside of that set forth in the FRCP would not be necessary. (Dkt. No. 48 at 10:18-19.) Plaintiff's failure to comply with federal discovery rules does not constitute good cause to provide him additional discovery.

    **C.**    **Plaintiff's Requests for Production**

As set forth above, this is a simple case about one person purchasing a single investment directly from a non-party. Without any particularized showing of how discovery from other Three Bell clients who invested in the same fund supports his claim, Plaintiff seeks expansive intrusive discovery concerning non-parties financial affairs. Defendants already produced documents concerning the investments of the two individuals who were presented the same investment opportunity as Plaintiff at the same time as Plaintiff. Other individuals who may have invested in the same fund at different times are irrelevant to the narrow claim in the SAC.

    **i.**    **The Requested Documents Are Not Discoverable Under Rule 26**

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." *L.A. Alliance v. City of Los Angeles*, No. 2:20-CV-2291-DOC, 2023 WL 5505037, at *2 "In addition, '[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case.'" *Id.* (citing *Centeno v. City of Fresno*, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016)). Plaintiff asserts that the documents are "directly relevant to proving Plaintiff's allegation that Defendants made selective or preferential redemptions or transfers of some clients' funds before offering the same opportunity to Plaintiff." First, Plaintiff ignores that he knew that GAM has complete discretion on whether to allow a transfer of funds and that Defendants had no ability to effect a transfer unilaterally. Second, ignoring his contractual language with GAM, Plaintiff alleges that Defendants could have transferred both Plaintiff's and Mr. Parelius's funds. (Dkt. 41 at 7:23-24.) The SAC mentions no other individual. Defendants

have already produced documentation about Mr. Parelius's interactions with Defendants over the relevant time period. Plaintiff has not established good cause for the additional documents he seeks.

> ### ii.      Plaintiff's Requests Create an Undue Burden and are Not Proportional to the Needs of the Case.

Rule 26 (b)(1) requires that the Court consider "whether the burden or expense of the proposed discovery outweighs its likely benefit" when determining whether a discovery request is appropriate. Defendants have already expended substantial resources collecting documents from multiple custodians, reviewing thousands of documents, and ultimately producing 837 documents over 4,868 total pages for a case about a single investment. Defendants provided relevant production between Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022. Plaintiff cannot identify a single document in this substantial production that he believes supports his claim, let alone supports seeking documents from Three Bell clients.

Further, the requested documents seek investment information from non-parties. Plaintiff cannot carry his burden to obtain unrelated parties' financial information when it has no bearing on the allegations in the SAC. *See Brzezinski v. Allstate Ins.* Co., No. 11-CV-2373-CAB (DHB), 2012 WL 12869522 (S.D. Cal. Aug. 28, 2012) (holding financial privacy concerns of a non-party physician outweigh Plaintiff's relevancy argument).

Plaintiff's citation to *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) is inopposite. In *Soto*, the court justified the limited invasion of privacy on third-party law enforcement officers as the requested discovery was "reasonably calculated to lead to the discovery of admissible evidence" and was limited to officers that were "involved at the scene of the incident" and accused of using "excessive force while arresting [Plaintiff]." *Id.* at 617. Here, in contrast, Plaintiff seeks production of financial information of non-parties not accused of any

June 4, 2024
Page 11

wrongdoing or have any relationship with Plaintiff. The effort to obtain these documents is simple harassment. Plaintiff's citation to the Arizona Code of Civil Procedure is both odd and supportive of nothing.

      **D.     Resolution**

In view of the above, the Court should sustain Defendants' objections and deny Plaintiff's requests in full.

**IV.    Discovery Dispute Hearing.**

      **A.     Plaintiff's Position.**

The Court should conduct a hearing on this dispute. Defendants asserted numerous objections to Plaintiff's first set of discovery. While Plaintiff did his best to concisely summarize the issues, the Court will undoubtedly have additional questions for both parties as to the arguments made herein by counsel.

      **B.     Defendants' Position.**

The Court does not need to conduct a hearing on this dispute, as the issue can be resolved on the papers. However, if the Court thinks that a hearing would be beneficial, Defendants have no objection.

**V.    Discovery Cut-Off Dates.**

Fact discovery cutoff: October 15, 2024

Expert discovery cutoff: December 20, 2024

**VI.    Good-Faith Consultation.**

The parties attest that lead counsel conferred about this discovery dispute via telephone conference on May 16, 2024, but were unable to resolve the issues. Participants in the conference included William Fischbach, Elliot Stratton, Mark Boennighausen, Dinah Ortiz, and Zachary Rosenbaum. The parties agreed to the submission date of this joint letter.

June 4, 2024
Page 12

Dated: June 4, 2024

**HOPKINS & CARLEY**
A Law Corporation

By: *Mark V. Boennighausen*
Mark V. Boennighausen
Of Counsel

Dated: June 4, 2024

**TIFFANY & BOSCO, P.A.**

By: *William M. Fischbach*
William M. Fischbach
Of Counsel

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(h)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: June 4, 2024

**TB** **TIFFANY & BOSCO**
P.A.

By: */s/ William M. Fischbach*
William M. Fischbach
Elliot C. Stratton
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
***Attorneys for Plaintiff/Counter-Defendant***

# EXHIBIT A

William M. Fischbach, SBN 019769 (admitted *Pro Hac Vice*)_
Elliot C. Stratton SBN 034025 (admitted *Pro Hac Vice*)

**TB** T I F F A N Y & B O S C O
                P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
EMAIL: wmf@tblaw.com; ecs@tblaw.com

Chad L. Butler (CBN 270888)

**TB** T I F F A N Y & B O S C O
                P.A.

1455 FRAZEE ROAD, SUITE 820
SAN DIEGO, CA 92108
TELEPHONE: (619) 794-0515
FACSIMILE: (619) 487-9079
EMAIL: clb@tblaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Kuhn, personally and in his capacity as trustee of the Kuhn Trust, <br><br> Plaintiff, <br><br> vs. <br><br> Three Bell Capital, LLC, a California Limited Liability Company; Jonathan Porter, a Married Man; <br><br> Defendants. | Case No.:  5:23-cv-02958-PCP <br><br> **Plaintiff's First Set of Discovery to Defendants** |

Plaintiff, Peter Kuhn, personally and in his capacity as trustee of the Kuhn Trust, through counsel, hereby propound the following First Set of Discovery upon Defendants Three Bell Capital, LLC, and Jonathan Porter, pursuant to Rule 33, Fed.R.Civ.P. Defendants are to answer in writing and under oath the following interrogatories within thirty (30) days of the date hereof.

1

## I.      GENERAL DEFINITIONS AND INSTRUCTIONS

1.      "Any," "each," and "all" should be read to be all-inclusive and to require the broadest response to the paragraph in which the term appears.

2.      "And," "or," "and/or," and any other conjunctions or disjunctions should be read both conjunctively and disjunctively so as to require the broadest response to the paragraph in which the term appears.

3.      "Communication" means any oral, graphic, demonstrative, telephonic, verbal, electronic, written, or other conveyance of information, including documents. "Communication" also includes any transmission made on any computer network, including the "Internet."

4.      "Concerning," "pertaining," "relating," "reflecting," "referring," "with respect to," "with regard to," "in connection with," and "regarding" are synonymous and interchangeable.  They mean alluding to, responding to, in connection with, commenting on, in respect of about, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, bearing upon, or having any logical or factual connection with the subject matter addressed in the relevant paragraph or subparagraph of this request.

5.      "Document" or "documents" means all writings or printed matter of any kind, as set forth herein and by the Federal Rules of Civil Procedure. The term "document" or "documents" includes, without limitation:

    a.      The originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise);

    b.      Any alterations, amendments, changes, drafts, or modifications;

    c.      Accounting ledgers and journals; accounts payable and receivable; agreements; appraisals and valuation estimates of any kind; audit reports and responses; balance sheets; bank records; checks (canceled or otherwise); books; brochures; bulletins; calendars; cash flow records; catalogs; charge, personal, sale, or other receipts; communications; computer input, output, or records of any type; contracts; correspondence; credit and loan applications; court filings; diaries;

deeds; expense records; financial data, statements, or projections; insurance records; invoices; letters; logs; magazines; memoranda; messages; minutes; newspapers; notes; offers; operating statements; pamphlets; periodicals; plans; price lists; promissory notes; pro formas; prospectuses; publicity materials; reports; resolutions; statements; statistics; stock certificates; studies; summaries; tax returns and records; telegrams; telephone records; teletypes; telefax; transcripts or other records of interviews or testimony given before any person, officer, or tribunal (whether sworn or unsworn); and worksheets;

       d.     All graphics or records or representations of any kind, including, without limitation, audiotapes, cassettes, computer diskettes or printouts, CDs, charts, data card programs, data compilations, discs, drawings or other representations or depictions, graphs, maps, microfiches, microfilm, motion pictures, other input or output of data processing systems, photographs (positive print or negative), recordings, and videotapes; and every other device or medium, mechanical or electrical, on or through which information of any type is transmitted, recorded, or preserved.

    6.    "Person" means individual, agency, association, company, corporation, estate, federal, state, or municipal government agency, board, bureau, department, or other subdivision, firm, joint venture, natural person, organization, partnership, proprietorship, organization, or any other legally recognizable entity.

    7.    "This case," the "litigation," "this adversary proceeding", or "the lawsuit" refers to the above-captioned matter.

    8.    The term "Identify" and derivations thereof, when used in reference to a "Document," means to state:  (a) its date and author; (b) the type of document (e.g., letter, memorandum, telegraph, chart, etc.); (c) its title, if any; (d) its substance sufficient to enable the document to be identified; and (e) its present location and/or custodian.  If any such document was, but is no longer, in your possession or control, state what disposition was made of it.  If the document has been assigned a unique "Bates" number in this case

and has already been produced or is being produced simultaneously with your answers to these interrogatories, it will be sufficient to specify the Bates number that uniquely identifies that document.

9.      The term "Identify" and derivations thereof, when used in reference to a "Person" or entity, means to state:  (a) the full name; (b) present or last known residence address and telephone number; (c) present or last known business address and telephone number; (d) relationship, if any, to you; and (e) present or last known position, title, job description, and business affiliation.

10.      All information is to be divulged which is in the possession of the individual or corporate party, its attorneys, investigators, agents, employees, or other representatives of the named party.

11.      You must produce all documents, including all electronically stored information/documents, wherever located, in the possession, custody, or control of or obtainable by you.  Possession, custody, or control includes constructive possession—i.e., if you have a right to compel the production of a matter from any third party (including an agency, authority, custodian, or representative).

12.      Produce each document that is stapled, clipped, or otherwise attached to a requested document attached in the same manner as the original, regardless of whether the production of that document is otherwise required by this request.

13.     Electronically stored information / documents ("ESI")[1] must be produced in their "native" format.[2]   Accordingly, you should not select methods in which to produce ESI that removes or degrades the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation.  You must additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.  ESI should be provided on a digital medium (such as a thumb-drive / USB drive), which can be made available to you upon request; however, *you should not defer preservation of ESI pending such request / discussion if ESI may be lost or corrupted as a consequence of delay.*

14.     Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identify the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody or control, the disposition made of the document, and the identity of the person or persons now in possession, custody or control

---

[1] ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically, or otherwise stored as:
- Digital communications (e.g., e-mail, voice mail, instant messaging, text messaging, etc…);
- Word processed documents (e.g., Word, WordPerfect, Pages, etc…including all drafts, revisions, track-changes, comments, notes, etc…);
- Spreadsheets and tables (e.g., Excel, Numbers, or Lotus 123 worksheets, etc…);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files, etc…);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images, etc…);
- Sound Recordings (e.g., .WAV, .MP3, AVI, etc… files);
- Video and Animation (e.g., .AVI, .MOV, MPG, MP4, AVI, etc… files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP, PST, etc…);
- Contact and Relationship Management Data (e.g., Outlook, ACT!, etc…);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools, etc…);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies, etc…);
- Presentations (e.g., PowerPoint, Keynote, Corel Presentations, etc…)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, .GHO, etc…)

[2] Paper production of ESI is inadequate as hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should produce both forms.

of such document.  If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that the document be destroyed.

15.     If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the scope or time period of the request and refuse to answer for the scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

16.     If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.  If your response is qualified in any particular way, please set forth the details of such qualifications.

17.     In the event that you wish to assert attorney-client privilege or work-product exclusion or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to produce undersigned counsel with identification of such document in writing, recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter of such document n sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel, and an indication of the basis for assertion of the privilege or the like.

18.     If any documents or things requested were at one time in existence but are no longer in existence, please so state, specifying for each such document (1) the type of document; (2) the type of information contained in it; (3) the date upon which it ceased to exist; (4) the circumstances under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; (6) the identity of all persons having knowledge or who had knowledge of the contents of it; and (7) when such document was most recently in your possession.

19.     You may not give lack of information or knowledge as a reason for failure to admit or deny a request for admission unless you include a statement that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the matter in question.

20.     If you fail to admit the truth of any matter requested in a request for admission, and that matter is therefore proved upon the trial of this action or otherwise, you may be required to pay the propounding party's reasonable expenses, including attorney's fees, incurred in proving the truth of such matter.

21.     If you respond with any document or documents that are not in English, please supply what you believe to be an accurate translation of said document(s).

22.     This request is continuing in nature.  You must produce all documents and information responsive to these discovery requests whenever you obtain or become aware of them.

## **DEFINITIONS SPECIFIC TO THIS CASE:**

1.     "You" of "Your" refers to Defendants Three Bell Capital and Jonathan Porter including any and all agents, representatives, or employees.

2.     "Kuhn" or "Plaintiff" refers to Peter Kuhn, personally and as trustee of the Kuhn Trust.

3.     "Three Bell" refers to Defendant Three Bell Capital, including any and all agents, representatives, or employees.

4.     "Porter" refers to Defendant Jonathan Porter.

5.     "International Fund" refers to the FTM Medical Accounts Receivable Litigation Finance Fund as identified in Plaintiffs Second Amended Complaint.

6.     "Domestic Fund" refers to HedgeACT (HA) Select-Medical Receivables Litigation Finance Fund Domestic as identified in Plaintiffs Second Amended Complaint.

7.     "Parelius" refers to Mark Parelius.

8.     "GAM" refers to Griffin Asset Management including any and all agents, representatives, or employees.

9.      "Griffin" refers to Michael Griffin.

10.     "Infinity" refers to Infinity Capital Management including any and all agents, representatives, or employees.

11.     "2019 Report" refers to Infinity's Independent Auditor's Report dated December 31, 2019 attached as Exhibit G and H to the Second Amended Complaint.

12.     "Relevant Period" means January 1, 2017 to Current.

## REQUESTS FOR PRODUCTION

1.      Produce any and all communications between You and GAM during the Relevant Period.

2.      Produce any and all communications between You and Griffin during the Relevant Period.

3.      Produce any and all communications between You and Infinity during the Relevant Period.

4.      Produce any and all due diligence You performed on the International Fund during the Relevant Period.

5.      Produce any and all due diligence You performed on the Domestic Fund during the Relevant Period.

6.      Produce a list of all Your clients, including any funds invested through personal funds or as a sponsor, general partner, or managing member of pooled investment vehicles that were invested in the International Fund during the Relevant Period.

7.      Produce any and all due diligence provided to Your clients that you recommended to invest in the International Fund during the Relevant Period.

8.      Produce a list of all Your clients, including any funds invested through personal funds or as a sponsor, general partner, or managing member of pooled investment vehicles that were invested in the International Fund during the Relevant Period that redeemed or transferred their investments during the Relevant Period.

9.      Produce a list of all Your clients, including any funds invested through personal funds or as a sponsor, general partner, or managing member of pooled investment

vehicles that were invested in the International Fund during the Relevant Period that redeemed or transferred their investments to the Domestic Fund during the Relevant Period.

10.     Produce any and all communications, including communications with any individuals that You had personal funds invested or as a sponsor, general partner, or managing member of pooled investment vehicles that redeemed or transferred their investments during the Relevant Period to the International Fund.

11.     Produce any and all communications, including communications with any individuals that You had personal funds invested or as a sponsor, general partner, or managing member of pooled investment vehicles that You recommended they redeem or transfer their investments during the Relevant Period from the International Fund.

12.     Provide any and all documentation concerning performance fees charged by GAM for the International Fund.

13.     Produce any and all documentation cornering Your investment monitoring process for investigating and recommending alternative investments to clients who were invested in the International Fund during the Relevant Period, including the monitoring reports produced as a result.

14.     Produce any and all documentation or communication evidencing any due diligence or thesis on selecting medical receivables as a viable investment strategy for your clients during the Relevant Period.

## **REQUESTS FOR ADMISSION**

1.     Admit that Parelius and Plaintiff's transactions did not need to be staggered to facilitate the transfer of funds from the International Fund to Domestic Fund.

_____ ADMIT     _____ DENY

2.     Admit that as an RIA, you had a duty to disclose investments that You were personally invested in.

_____ ADMIT     _____ DENY

3.      Admit that You had funds invested in the International Fund, either through personal funds or as a sponsor, general partner, or managing member of pooled investment vehicles.

_____ ADMIT      _____ DENY

4.      Admit that you failed to disclose to Plaintiffs that You were invested in the International Fund prior to Plaintiffs investing into that Fund.

_____ ADMIT      _____ DENY

5.      Admit that You transferred funds from the International Fund to the Domestic Fund that included the personal funds of Porter.

_____ ADMIT      _____ DENY

6.      Admit that you were aware that Infinity began to fraudulently sell and assign medical receivables to Tecumesh in 2019-2020.

_____ ADMIT      _____ DENY

7.      Admit that after you became aware of Infinity's activities, you never disclosed this information to Your clients.

_____ ADMIT      _____ DENY

8.      Admit that you received a copy of the 2019 Report.

_____ ADMIT      _____ DENY

9.      Admit that as an RIA, you had a duty to investigate the 2019 Report's Going Concerns statement that "The Company's ability to continue as a going concern is dependent on the ability to generate revenues and raise capital. The Company has not generated sufficient income from its medical lien funding to provide sufficient cash flows to enable the Company to finance its operations internally . . . These factors raise substantial doubt about the Company's ability to continue as a going concern within one year from the date of filing."

_____ ADMIT      _____ DENY

10.     Admit that as an RIA, you had a duty to disclose the 2019 Report's going concerns to clients.

_____ ADMIT    _____ DENY

11.    Admit that Griffin informed You that Infinity's loans had a "zero probability" of defaulting.

12.    Admit that as RIA's, you had a duty to investigate Griffin's claims of "zero probability" because after the 2019 Report, any claim of "zero probability" raises serious questions about continuing operations.

13.    Admit that individuals have multiple investment advisors in which a fiduciary duty is formed based on specific investments provided.

_____ ADMIT    _____ DENY

14.    Admit that RIA's are required to make inquiries of their client's risk thresholds prior to recommending investments.

_____ ADMIT    _____ DENY

## NON-UNIFORM INTERROGATORIES

1.    For any request for admission that you did not admit unequivocally, describe the legal and factual basis for your failure to admit and identify all documents and witnesses supporting your failure to admit and explanation.

2.    Describe, in detail, any and all due diligence that you conducted on the International Fund during the Relevant Period, including but not limited to when the due diligence period started and all results of that due diligence period.

3.    Describe, in detail, when You became aware of the International Fund's financial troubles and what advice you provided to clients based on that knowledge.

4.    State, with specificity, the factual and legal basis' for all affirmative defenses in your Answer to Plaintiff's Amended Complaint.

5.    Describe, in detail, any and all of Your clients invested in the International Fund that you recommended they transfer their investment prior to your recommendation to Kuhn.

6.      Describe, in detail, any and all conversations or communications you had with Griffin concerning GAM's performance fees for Your clients.

7.      Describe, in detail, the entry/exit date and amount of initial allocation and redemption for all Your clients or personal funds invested or as a sponsor, general partner, or managing member of pooled investment vehicles who allocated funds to the International Fund.

8.      For any medical receivables investment You conducted due diligence on during the Relevant Period that you did not recommend to clients in place of the International Fund, describe, in detail, Your thesis or due diligence findings for their non-recommendation.

RESPECTFULLY SUBMITTED this 2nd day of February, 2024.

**TB   TIFFANY & BOSCO**
                          P.A.

By: */s/ William M. Fischbach*
William M. Fischbach
Elliot C. Stratton
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
***Attorneys for Plaintiff (Pro Hac Vice)***

**TB   TIFFANY & BOSCO**
                          P.A.

By: */s/ Chad L. Butler*
Chad L. Butler
1455 Frazee Road, Suite 820
San Diego, California 92108
***Attorneys for Plaintiff***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, I emailed, mailed upon request, the foregoing document to:

Mark V. Boennighausen
Dinah X. Ortiz
**HOPKINS & CARLEY**
P.O. Box 1469
San Jose, CA 95109-1469
E:  mboennighausen@hopkinscarley.com
E:  dortiz@hopkinscarley.com
***Attorneys for Defendants***

By:    */s/ Kim Lehman*

# EXHIBIT B

1  Mark V. Boennighausen, Bar No. 142147
   mboennighausen@hopkinscarley.com
2  Dinah X. Ortiz, Bar No. 273556
   dortiz@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  70 South First Street
   San Jose, CA  95113
5
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA  95109-1469
7  Telephone:    408.286.9800
   Facsimile:    408.998.4790
8
   Attorneys for Defendants
9  THREE BELL CAPITAL LLC, and
   JONATHAN PORTER
10

11              UNITED STATES DISTRICT COURT

12          FOR THE DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14  PETER KUHN,                          Case No. 5:23-cv-02958-PCP

15            Plaintiff,                  **DEFENDANTS THREE BELL
                                          CAPITAL LLC AND JONATHAN
16       v.                              PORTER'S RESPONSES TO
                                          PLAINTIFF PETER KUHN'S
17  THREE BELL CAPITAL LLC, a California  REQUESTS FOR ADMISSION,
    limited liability company, JONATHAN   SET ONE**
18  PORTER, a Married Man, DOES 1 through V,
    inclusive; ABC Corporation I through V.,
19  inclusive, and XYZ Partnerships I through V,
    inclusive,
20
             Defendants.
21

22  **PROPOUNDING PARTY:**     Plaintiff PETER KUHN

23  **RESPONDING PARTY:**      Defendants THREE BELL CAPITAL LLC and
                               JONATHAN PORTER
24
25  **DISCOVERY:**             Requests for Admission

    **SET NUMBER:**            One (1)
26

27     **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

28

1

**RESPONSES TO REQUESTS FOR ADMISSION**

2

**REQUEST FOR ADMISSION 1:**

3    Admit that Parelius and Plaintiff's transactions did not need to be staggered to facilitate

4    the transfer of funds from the International Fund to Domestic Fund.

5

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

6    Objection.  This request is not phrased simply and directly so that it can be admitted or

7    denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

8    *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

9    not be used unless the statement of facts sought to be admitted is phrased so that it can be

10   admitted or denied without explanation."). The request is also vague and ambiguous, especially as

11   to time, and lacks foundation. Subject to these objections, Defendants respond as follows:

12   Defendants admit that the manager of the International Fund and the Domestic Fund, Griffin

13   Asset Management LLC ("GAM"), which serves as the funds investment manager, and Griffin

14   Captial Management, LLC ("GCM") (collectively "Griffin"), have sole discretion with regard to

15   redemption and acceptance or money into the funds mentioned in this request, as Plaintiff knows

16   from the offering memorandum he reviewed and subscription agreement he executed.

17   Defendants further admit that they communicated to Plaintiff information Griffin provided

18   regarding any request to move money from one Griffin fund to another.

19

**REQUEST FOR ADMISSION 2:**

20   Admit that as an RIA, you had a duty to disclose investments that You were personally

21   invested in.

22

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

23   Objection.  This request is not phrased simply and directly so that it can be admitted or

24   denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

25   *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

26   not be used unless the statement of facts sought to be admitted is phrased so that it can be

27   admitted or denied without explanation."). The request is also vague and ambiguous, especially as

28   to time, and lacks foundation.  Further, the request apparently seeks a pure conclusion of law (i.e.

HOPKINS & CARLEY

4892-1671-6713.1                                    - 2 -                          Case No. 5:23-cv-02958-PCP

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

a legal duty) which is improper.   See *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (concluding that a request to admit that "it is not within the Medical Standard of the Medical profession community in California...for a medical doctor to disregard a known risk to their patient's health" impermissibly sought a conclusion of law); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12, 2012) ("Whether [an] accommodation was 'reasonable' is a legal conclusion, and beyond the purpose of requests for admission."); *Holston v. DeBanca,* 2012 WL 843917, at *12-13 (E.D. Cal. Mar. 12, 2012) (ruling that requests for admission improperly sought legal conclusions where they did not reference the facts of that case and asked the "defendant to admit various legal propositions, conceding the elements of a claim or affirming certain legal standards."); *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D. Cal. July 12, 2012) (finding that requests "to admit or deny what [the defendant's] general 'legal obligations' were in the context of reviewing and settling [the plaintiff's] insurance claim" were improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A. de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal. 2017) (recognizing that a request that a party "state their understanding of federal law" is purely a legal matter).

**REQUEST FOR ADMISSION 3:**

Admit that You had funds invested in the International Fund, either through personal funds or as a sponsor, general partner, or managing member of pooled investment vehicles.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection.  This request is not phrased simply and directly so that it can be admitted or denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). The request is also vague and ambiguous, especially as to time, lacks foundation, and is compound.

Subject to these objections, Defendant Jonathan Porter admits at the time Plaintiff directly

1  invested in the International Fund after reviewing the fund's offering memorandum and its

2  subscription agreement, he was also an investor in the International Fund.  Except as so admitted,

3  Defendants deny the request.

4  **REQUEST FOR ADMISSION 4:**

5      Admit that you failed to disclose to Plaintiffs that You were invested in the International

6  Fund prior to Plaintiffs investing into that Fund.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

8      Objection.  This request is not phrased simply and directly so that it can be admitted or

9  denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

10 *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

11 not be used unless the statement of facts sought to be admitted is phrased so that it can be

12 admitted or denied without explanation."). The request is also vague and ambiguous, especially as

13 to time, and lacks foundation and it is compound.  It also lacks foundation as it assumes there was

14 a duty to "disclose" to Plaintiff who had decided to directly invest in the International Fund after

15 reviewing the International Fund's offering memorandum and reviewing the subscription

16 agreement

17     Subject to these objections, Defendant Jonathan Porter admits that at the time Plaintiff

18 invested, he disclosed to Plaintiff all he was required to disclose given Plaintiff's limited

19 interaction with Defendants and his decision to purchase the International Fund directly from its

20 sponsor, Griffin Asset Management ("GAM").  Except as so admitted, Defendants deny the

21 request.

22 **REQUEST FOR ADMISSION 5:**

23     Admit that You transferred funds from the International Fund to the Domestic Fund that

24 included the personal funds of Porter.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

26     Objection.  This request is not phrased simply and directly so that it can be admitted or

27 denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

28 *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). The request is also vague and ambiguous, especially as to time, and is compound.  It also lacks foundation as it assumes "You" had the ability to "transfer funds" when any transfer of funds was at the sole discretion of Griffin Asset Management.

Given that the premise of this request is false, the request is nonsensical and should be directed to Griffin Asset Management, not Defendants.

**REQUEST FOR ADMISSION 6:**

Admit that you were aware that Infinity began to fraudulently sell and assign medical receivables to Tecumesh in 2019-2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection.  This request is not phrased simply and directly so that it can be admitted or denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). The request is also vague and ambiguous, especially as to time, lacks foundation, and is compound.  For example, it asserts as a fact that "Infinity" fraudulently sold "receivables" which Defendants understand is the subject of litigation in a bankruptcy proceeding in Nevada.  In light of the assumption in the Request, it is nonsensical because the assumption is not established.  Subject to these objections, Defendants admit that they did not know about the subject of the Infinity bankruptcy proceedings until after 2020. Except as so admitted, Defendants deny the request.

**REQUEST FOR ADMISSION 7:**

Admit that after you became aware of Infinity's activities, you never disclosed this information to Your clients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection.  This request is not phrased simply and directly so that it can be admitted or denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

1  not be used unless the statement of facts sought to be admitted is phrased so that it can be

2  admitted or denied without explanation."). The request is also vague and ambiguous, especially as

3  to time, and lacks foundation.  For example, the request is vague as to what Infinity's "activities"

4  are, which renders the request unanswerable.  Further, the request apparently seeks a pure

5  conclusion of law (i.e. a legal duty) which is improper.   See *Playboy Enterprises, Inc. v.*

6  *Welles,* 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011

7  WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (concluding that a request to admit that "it is not

8  within the Medical Standard of the Medical profession community in California...for a medical

9  doctor to disregard a known risk to their patient's health" impermissibly sought a

10  conclusion of law); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12,

11  2012) ("Whether [an] accommodation was 'reasonable' is a legal conclusion, and beyond the

12  purpose of requests for admission."); *Holston v. DeBanca,* 2012 WL 843917, at *12-13 (E.D. Cal.

13  Mar. 12, 2012) (ruling that requests for admission improperly sought legal conclusions where

14  they did not reference the facts of that case and asked the "defendant to admit various legal

15  propositions, conceding the elements of a claim or affirming certain legal standards."); *Martin v.*

16  *Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D. Cal. July 12, 2012) (finding

17  that requests "to admit or deny what [the defendant's] general 'legal obligations' were in the

18  context of reviewing and settling [the plaintiff's] insurance claim" were

19  improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A.*

20  *de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal.

21  2017) (recognizing that a request that a party "state their understanding of federal law" is purely a

22  legal matter).

23      As to disclosure obligations, Defendants understand that GAM had disclosure obligations

24  to its customers, such as Plaintiff, about the investments managed by GAM, including any

25  concerns about "Infinity."  Defendants are unaware of any obligation to investigate and disclose

26  information about an investment that it does not control or manage or disbelieve information

27  being provided to investors by the fund's manager, in this case, GAM.  Except as so admitted,

28  Defendants deny the request.

1    **REQUEST FOR ADMISSION 8:**

2         Admit that you received a copy of the 2019 Report.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

4         Defendants admit that at some point in time they received the 2019 report.

5    **REQUEST FOR ADMISSION 9:**

6         Admit that as an RIA, you had a duty to investigate the 2019 Report's Going Concerns

7    statement that "The Company's ability to continue as a going concern is dependent on the ability

8    to generate revenues and raise capital. The Company has not generated sufficient income from its

9    medical lien funding to provide sufficient cash flows to enable the Company to finance its

10   operations internally . . . These factors raise substantial doubt about the Company's ability to

11   continue as a going concern within one year from the date of filing."

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

13        Objection.  This request is not phrased simply and directly so that it can be admitted or

14   denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

15   *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

16   not be used unless the statement of facts sought to be admitted is phrased so that it can be

17   admitted or denied without explanation."). The request is also vague and ambiguous, especially as

18   to time, and lacks foundation.  For example, the request is vague as to the purported "duty to

19   investigate." Further, the request apparently seeks a pure conclusion of law (i.e. a legal duty)

20   which is improper.   See *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050, 1057 (S.D. Cal.

21   1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22,

22   2011) (concluding that a request to admit that "it is not within the Medical Standard of the

23   Medical profession community in California...for a medical doctor to disregard a known risk to

24   their patient's health" impermissibly sought a conclusion of law); *Garcia v. Clark*, 2012 WL

25   1232315, at *11 (E.D. Cal. Apr. 12, 2012) ("Whether [an] accommodation was 'reasonable' is a

26   legal conclusion, and beyond the purpose of requests for admission."); *Holston v. DeBanca,* 2012

27   WL 843917, at *12-13 (E.D. Cal. Mar. 12, 2012) (ruling that requests for admission improperly

28   sought legal conclusions where they did not reference the facts of that case and asked the

1  "defendant to admit various legal propositions, conceding the elements of a claim or affirming

2  certain legal standards."); *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D.

3  Cal. July 12, 2012) (finding that requests "to admit or deny what [the defendant's] general 'legal

4  obligations' were in the context of reviewing and settling [the plaintiff's] insurance claim" were

5  improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A.*

6  *de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal.

7  2017) (recognizing that a request that a party "state their understanding of federal law" is purely a

8  legal matter).

9      As to disclosure obligations, Defendants understand that GAM had disclosure obligations

10  to its customers, such as Plaintiff, about the investments managed by GAM, including any

11  concerns about "Infinity" or information GAM may have received concerning the 2019 Report.

12  Defendants are unaware of any obligation to investigate and disclose information about an

13  investment that it does not control or manage or disbelieve information being provided to

14  investors by the fund's manager, in this case, GAM.  Except as so admitted, Defendants deny the

15  request.

16  **REQUEST FOR ADMISSION 10:**

17      Admit that as an RIA, you had a duty to disclose the 2019 Report's going concerns to

18  clients.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20      Objection.  This request is not phrased simply and directly so that it can be admitted or

21  denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

22  *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir. 1988) ("Rule 36 should

23  not be used unless the statement of facts sought to be admitted is phrased so that it can be

24  admitted or denied without explanation."). The request is also vague and ambiguous, especially as

25  to time, and lacks foundation.  Further, the request apparently seeks a pure conclusion of law (i.e.

26  a legal duty) which is improper.   See *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050,

27  1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206, at *6 (S.D. Cal.

28  Feb. 22, 2011) (concluding that a request to admit that "it is not within the Medical Standard of

the Medical profession community in California...for a medical doctor to disregard a known risk to their patient's health" impermissibly sought a conclusion of law); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12, 2012) ("Whether [an] accommodation was 'reasonable' is a legal conclusion, and beyond the purpose of requests for admission."); *Holston v. DeBanca,* 2012 WL 843917, at *12-13 (E.D. Cal. Mar. 12, 2012) (ruling that requests for admission improperly sought legal conclusions where they did not reference the facts of that case and asked the "defendant to admit various legal propositions, conceding the elements of a claim or affirming certain legal standards."); *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D. Cal. July 12, 2012) (finding that requests "to admit or deny what [the defendant's] general 'legal obligations' were in the context of reviewing and settling [the plaintiff's] insurance claim" were improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A. de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal. 2017) (recognizing that a request that a party "state their understanding of federal law" is purely a legal matter).

**REQUEST FOR ADMISSION 11:**

Admit that Griffin informed You that Infinity's loans had a "zero probability" of defaulting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Objection.  This request is not phrased simply and directly so that it can be admitted or denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). The request is also vague and ambiguous, especially as to time, and lacks foundation.

Subject to these objections, Defendants respond as follows:  Defendants admit that Griffin stated in an audit of the MRLF-I fund that there were "zero" chances that the Infinity loan might default.  Except as expressly admitted, denied.

1

**REQUEST FOR ADMISSION 12:**

2

3     Admit that as RIA's, you had a duty to investigate Griffin's claims of "zero probability"

4 because after the 2019 Report, any claim of "zero probability" raises serious questions about continuing operations.

5

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

6     Objection.  This request is not phrased simply and directly so that it can be admitted or

7 denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

8 *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

9 not be used unless the statement of facts sought to be admitted is phrased so that it can be

10 admitted or denied without explanation."). The request is also vague and ambiguous, especially as

11 to time, and lacks foundation.  Further, the request apparently seeks a pure conclusion of law (i.e.

12 a legal duty) which is improper.   See *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050,

13 1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206, at *6 (S.D. Cal.

14 Feb. 22, 2011) (concluding that a request to admit that "it is not within the Medical Standard of

15 the Medical profession community in California...for a medical doctor to disregard a known risk

16 to their patient's health" impermissibly sought a conclusion of law); *Garcia v. Clark*, 2012 WL

17 1232315, at *11 (E.D. Cal. Apr. 12, 2012) ("Whether [an] accommodation was 'reasonable' is a

18 legal conclusion, and beyond the purpose of requests for admission."); *Holston v. DeBanca,* 2012

19 WL 843917, at *12-13 (E.D. Cal. Mar. 12, 2012) (ruling that requests for admission improperly

20 sought legal conclusions where they did not reference the facts of that case and asked the

21 "defendant to admit various legal propositions, conceding the elements of a claim or affirming

22 certain legal standards."); *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D.

23 Cal. July 12, 2012) (finding that requests "to admit or deny what [the defendant's] general 'legal

24 obligations' were in the context of reviewing and settling [the plaintiff's] insurance claim" were

25 improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A.*

26 *de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal.

27 2017) (recognizing that a request that a party "state their understanding of federal law" is purely a

28 legal matter).

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

1    **REQUEST FOR ADMISSION 13:**

2        Admit that individuals have multiple investment advisors in which a fiduciary duty is

3    formed based on specific investments provided.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

5        Objection.  This request is not phrased simply and directly so that it can be admitted or

6    denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

7    *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

8    not be used unless the statement of facts sought to be admitted is phrased so that it can be

9    admitted or denied without explanation.").  *Woodall v. California,* 2010 WL 4316953 at *3

10   (E.D.Cal. October 22, 2010) ("requests for admissions are not principally discovery devices and

11   should not be used as a substitute for other discovery processes to uncover evidence.").

12   Accordingly, requests for admissions "are required to be simple and direct, and should be limited

13   to singular relevant facts." *Id.* at 446 (citation omitted); *see also U.S. ex rel. Englund v. Los*

14   *Angeles County,* 235 F.R.D. 675, 684 (E.D.Cal.2006) ("Requests for admissions may not contain

15   compound, conjunctive, or disjunctive (e.g., 'and/or') statements."); *Williams v. Adams,* 2009 WL

16   1220311 at *10–11 (E.D.Cal. May 4, 2009) (denying motion to compel responses to

17   compound requests for admission.)  The request is also vague and ambiguous, especially as to

18   time, and lacks foundation.  Further, the request apparently seeks a pure conclusion of law (i.e.

19   the scope of potential fiduciary relationships.   See *Playboy Enterprises, Inc. v. Welles,* 60

20   F.Supp.2d 1050, 1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206,

21   at *6 (S.D. Cal. Feb. 22, 2011) (concluding that a request to admit that "it is not within the

22   Medical Standard of the Medical profession community in California...for a medical doctor to

23   disregard a known risk to their patient's health" impermissibly sought a

24   conclusion of law); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12,

25   2012) ("Whether [an] accommodation was 'reasonable' is a legal conclusion, and beyond the

26   purpose of requests for admission."); *Holston v. DeBanca,* 2012 WL 843917, at *12-13 (E.D. Cal.

27   Mar. 12, 2012) (ruling that requests for admission improperly sought legal conclusions where

28   they did not reference the facts of that case and asked the "defendant to admit various legal

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

1   propositions, conceding the elements of a claim or affirming certain legal standards."); *Martin v.*

2   *Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D. Cal. July 12, 2012) (finding

3   that requests "to admit or deny what [the defendant's] general 'legal obligations' were in the

4   context of reviewing and settling [the plaintiff's] insurance claim" were

5   improper requests for admissions of legal conclusions); *see also Embottelladora Electropura S.A.*

6   *de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal.

7   2017) (recognizing that a request that a party "state their understanding of federal law" is purely a

8   legal matter).

9   **REQUEST FOR ADMISSION 14:**

10      Admit that RIA's are required to make inquiries of their client's risk thresholds prior to

11   recommending investments.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

13      Objection.  This request is not phrased simply and directly so that it can be admitted or

14   denied without explanation. See 8A Wright, Miller & Marcus § 2258 at 546–547; *see United*

15   *Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should

16   not be used unless the statement of facts sought to be admitted is phrased so that it can be

17   admitted or denied without explanation.").  *Woodall v. California,* 2010 WL 4316953 at *3

18   (E.D.Cal. October 22, 2010) ("requests for admissions are not principally discovery devices and

19   should not be used as a substitute for other discovery processes to uncover evidence.").

20   Accordingly, requests for admissions "are required to be simple and direct, and should be limited

21   to singular relevant facts." *Id.* at 446 (citation omitted); *see also U.S. ex rel. Englund v. Los*

22   *Angeles County,* 235 F.R.D. 675, 684 (E.D.Cal.2006) ("Requests for admissions may not contain

23   compound, conjunctive, or disjunctive (e.g., 'and/or') statements."); *Williams v. Adams,* 2009 WL

24   1220311 at *10–11 (E.D.Cal. May 4, 2009) (denying motion to compel responses to

25   compound requests for admission.)  The request is also vague and ambiguous, especially as to

26   time, and lacks foundation.  Further, the request apparently seeks a pure conclusion of law (i.e.

27   the legal obligations of an RIA)  See *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050,

28   1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger,* 2011 WL 719206, at *6 (S.D. Cal.

HOPKINS & CARLEY

4892-1671-6713.1                                            - 12 -                          Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

Feb. 22, 2011) (concluding that a request to admit that "it is not within the Medical Standard of the Medical profession community in California...for a medical doctor to disregard a known risk to their patient's health" impermissibly sought a conclusion of law); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12, 2012) ("Whether [an] accommodation was 'reasonable' is a legal conclusion, and beyond the purpose of requests for admission."); *Holston v. DeBanca,* 2012 WL 843917, at *12-13 (E.D. Cal. Mar. 12, 2012) (ruling that requests for admission improperly sought legal conclusions where they did not reference the facts of that case and asked the "defendant to admit various legal propositions, conceding the elements of a claim or affirming certain legal standards."); *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D. Cal. July 12, 2012) (finding that requests "to admit or deny what [the defendant's] general 'legal obligations' were in the context of reviewing and settling [the plaintiff's] insurance claim" were improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A. de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal. 2017) (recognizing that a request that a party "state their understanding of federal law" is purely a legal matter).

Dated:  March 4, 2024

HOPKINS & CARLEY
A Law Corporation


By: _____
Mark V. Boennighausen
Dinah X. Ortiz
Attorneys for Defendants
THREE BELL CAPITAL LLC, and
JONATHAN PORTER

HOPKINS & CARLEY

4892-1671-6713.1                                             - 13 -                              Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR ADMISSION, SET ONE

# EXHIBIT C

1  Mark V. Boennighausen, Bar No. 142147
   mboennighausen@hopkinscarley.com
2  Dinah X. Ortiz, Bar No. 273556
   dortiz@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  70 South First Street
   San Jose, CA  95113
5
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA  95109-1469
7  Telephone:    408.286.9800
   Facsimile:    408.998.4790
8
   Attorneys for Defendants
9  THREE BELL CAPITAL LLC, and
   JONATHAN PORTER
10

11              UNITED STATES DISTRICT COURT

12         FOR THE DISTRICT OF CALIFORNIA

13              SAN JOSE DIVISION

14  PETER KUHN,                          Case No. 5:23-cv-02958-PCP

15              Plaintiff,               **DEFENDANTS THREE BELL
                                         CAPITAL LLC AND JONATHAN
16        v.                             PORTER'S RESPONSES TO
                                         PLAINTIFF PETER KUHN'S
17  THREE BELL CAPITAL LLC, a California REQUESTS FOR PRODUCTION,
    limited liability company, JONATHAN  SET ONE**
18  PORTER, a Married Man, DOES 1 through V,
    inclusive; ABC Corporation I through V.,
19  inclusive, and XYZ Partnerships I through V,
    inclusive,
20
                Defendants.
21

22  **PROPOUNDING PARTY:**     Plaintiff PETER KUHN

23  **RESPONDING PARTY:**      Defendants THREE BELL CAPITAL LLC and
                               JONATHAN PORTER
24
    **DISCOVERY:**             Requests for Production
25
    **SET NUMBER:**            One (1)
26

27  **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

28  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4886-1239-5173.3                                    Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

of this Court, Defendants Three Bell Capital LLC and Jonathan Porter (collectively "Defendants" or "Responding Party") hereby respond to Plaintiff Peter Kuhn's ("Plaintiff") Requests for Production, Set One.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all communications between YOU and GAM during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Federal Rules of Civil Procedure ("Rule") 26 and 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants further object that the request does not describe with "reasonably particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants will produce all communications between Defendants and Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022.  Defendants' production will be in the same format in which Plaintiff produced documents to Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all communications between YOU and Griffin during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one

Hopkins & Carley
Attorneys At Law
San Jose • Redwood City

4886-1239-5173.3                                   - 2 -                        Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants further object that the request does not describe with "reasonably particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants will produce all communications between Defendants and Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022.  Defendants' production will be in the same format in which Plaintiff produced documents to Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all communications between YOU and Infinity during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to these objections, Defendants will produce all communications Defendants had referencing "Infinity," including any email between Defendants and Infinity, between October 1, 2019 and December 31, 2022.  Defendants' production will be in the same format in which Plaintiff produced documents to Defendants.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all due diligence YOU performed on the International Fund during the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4886-1239-5173.3                                  - 3 -                         Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

1   Relevant Period.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

3          Objection.  Defendants object to the six pages of definitions and instructions set forth in

4   Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of

5   Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and

6   breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one

7   investment directly from GAM in February 2020 and had a contractual relationship with GAM

8   which entitled him to the same communications received by Defendants.  Further, Defendants

9   terminated any relationship they had with Plaintiff in November 2022.  Plaintiff also bought the

10  investment in the International Fund after receiving the offering memorandum provided by GAM

11  which described the risks of the International Fund.  Plaintiff also executed a subscription

12  agreement directly with GAM which explained in detail the lack of liquidity in the fund.

13  Defendants also did not sell the International Fund.  GAM sold the International Fund directly to

14  Plaintiff.  Defendants further object that the request also does not describe with "reasonable

15  particularity" the documents sought, as required by Rule 34.

16         Subject to these objections, Defendants will produce all communications received from

17  Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning

18  Plaintiff's investment between October 1, 2019 and December 31, 2022.  Defendants' production

19  will be in the same format in which Plaintiff produced documents to Defendants.

20  **REQUEST FOR PRODUCTION NO. 5:**

21         Produce any and all due diligence YOU performed on the Domestic Fund during the

22  Relevant Period.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

24         Objection.  Defendants object to the six pages of definitions and instructions set forth in

25  Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of

26  Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and

27  breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one

28  investment directly from GAM in February 2020 and had a contractual relationship with GAM

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4886-1239-5173.3                                          - 4 -                              Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Plaintiff also bought the investment in the International Fund after receiving the offering memorandum provided by GAM which described the risks of the International Fund.  Plaintiff also executed a subscription agreement directly with GAM which explained in detail the lack of liquidity in the fund. Defendants also did not sell the International Fund.  GAM sold the International Fund directly to Plaintiff.  Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to these objections, Defendants will produce all communications between Defendants and Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022. Defendants' production will be in the same format in which Plaintiff produced documents to Defendants.

**REQUEST FOR PRODUCTION NO. 6:**

Produce a list of all YOUR clients, including any funds invested through personal funds or as a sponsor, general partner, or managing member of pooled investment vehicles that were invested in the International Fund during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Further, Defendants object on the grounds of privacy on behalf of its clients.  Defendants' clients have no relevance to this action as Defendants were neither the seller nor the sponsor of the single investment Plaintiff bought directly from GAM.

1    Subject to the foregoing objections, Defendants will produce documents sufficient to

2  show Three Bell clients that were invested in the International Fund when Plaintiff invested in the

3  International Fund.  Defendants' production will be in the same format in which Plaintiff

4  produced documents to Defendants.

5  **REQUEST FOR PRODUCTION NO. 7:**

6    Produce any and all due diligence provided to YOUr clients that YOU recommended to

7  invest in the International Fund during the Relevant Period.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9    Objection.  Defendants object to the six pages of definitions and instructions set forth in

10  Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of

11  Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and

12  breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one

13  investment directly from GAM in February 2020 and had a contractual relationship with GAM

14  which entitled him to the same communications received by Defendants.  Further, Defendants

15  terminated any relationship they had with Plaintiff in November 2022.  Defendants further object

16  on the grounds of privacy on behalf of its clients.  Defendants' clients have no relevance to this

17  action as Defendants were neither the seller nor the sponsor of the single investment Plaintiff

18  bought directly from GAM.  Defendants further object that the request also does not describe with

19  "reasonable particularity" the documents sought, as required by Rule 34.

20    Subject to these objections, Defendants will produce all communications between

21  Defendants and Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com)

22  concerning Plaintiff's investment between October 1, 2019 and December 31, 2022. Defendants'

23  production will be in the same format in which Plaintiff produced documents to Defendants.

24  **REQUEST FOR PRODUCTION NO. 8:**

25    Produce a list of all YOUR clients, including any funds invested through personal funds or

26  as a sponsor, general partner, or managing member of pooled investment vehicles that were

27  invested in the International Fund during the Relevant Period that redeemed or transferred their

28  investments during the Relevant Period.

Hopkins & Carley
Attorneys At Law
San Jose • Redwood City

4886-1239-5173.3                                            - 6 -                         Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants further object on the grounds of privacy on behalf of its clients.  Defendants' clients have no relevance to this action as Defendants were neither the seller nor the sponsor of the single investment Plaintiff bought directly from GAM.  Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants respond as follows:  Consistent with its production of all communications between Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022, Defendants' production contains communications about the request by Defendants to inquire whether GAM would consider moving investments from the International Fund to the Domestic Fund.

**REQUEST FOR PRODUCTION NO. 9:**

Produce a list of all YOUR clients, including any funds invested through personal funds or as a sponsor, general partner, or managing member of pooled investment vehicles that were invested in the International Fund during the Relevant Period that redeemed or transferred their investments to the Domestic Fund during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4886-1239-5173.3                                                      Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

investment directly from GAM in February 2020 and had a contractual relationship with GAM

which entitled him to the same communications received by Defendants.  Further, Defendants

terminated any relationship they had with Plaintiff in November 2022.  Defendants further object

on the grounds of privacy on behalf of its clients.  Defendants' clients have no relevance to this

action as Defendants were neither the seller nor the sponsor of the single investment Plaintiff

bought directly from GAM.  Defendants further object that the request also does not describe with

"reasonable particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants respond as follows:  Consistent with its

production of all communications between Defendants and  Michael Griffin

(mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment

between October 1, 2019 and December 31, 2022, Defendants' production contains

communications about the request by Defendants to inquire whether GAM would consider

moving investments from the International Fund to the Domestic Fund.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all communications, including communications with any individuals that

YOU had personal funds invested or as a sponsor, general partner, or managing member of

pooled investment vehicles that redeemed or transferred their investments during the Relevant

Period to the International Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in

Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of

Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and

breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one

investment directly from GAM in February 2020 and had a contractual relationship with GAM

which entitled him to the same communications received by Defendants.  Further, Defendants

terminated any relationship they had with Plaintiff in November 2022.  Defendants further object

on the grounds of privacy on behalf of their clients.  Defendants' communications with their

customers or any individual employee regarding any individual investment decisions have no

**DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE**

relevance to this action as Defendants were neither the seller nor the sponsor of the single investment Plaintiff bought directly from GAM.  Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants respond as follows:  Consistent with its production of all communications between Defendants and  Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022, Defendants' production contains communications to Defendant Jonathan Porter about any investment he had with GAM.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all communications, including communications with any individuals that YOU had personal funds invested or as a sponsor, general partner, or managing member of pooled investment vehicles that YOU recommended they redeem or transfer their investments during the Relevant Period from the International Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants further object on the grounds of privacy on behalf of their customers.  Defendants' communications with their customers or any individual employee regarding any individual investment decisions have no relevance to this action as Defendants were neither the seller nor the sponsor of the single investment Plaintiff bought directly from GAM.  Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants respond as follows:  Consistent with its production of all communications between Defendants and Michael Griffin

(mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022, Defendants' production contains communications to Defendant Jonathan Porter about any investment he had with GAM.

**REQUEST FOR PRODUCTION NO. 12:**

Provide any and all documentation concerning performance fees charged by GAM for the International Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants were neither the seller nor the sponsor of the single investment Plaintiff bought directly from GAM. Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants respond as follows:  Consistent with its production of all communications between Defendants and Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022, Defendants' production contains communications about GAM performance fees.

**REQUEST FOR PRODUCTION NO. 13:**

Produce any and all documentation cornering YOUr investment monitoring process for investigating and recommending alternative investments to clients who were invested in the International Fund during the Relevant Period, including the monitoring reports produced as a result.

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  Further, Defendants terminated any relationship they had with Plaintiff in November 2022.  Defendants were neither the seller nor the sponsor of the single investment Plaintiff bought directly from GAM.  Defendants further object that the request also does not describe with "reasonable particularity" the documents sought, as required by Rule 34.

Subject to the foregoing objections, Defendants respond as follows:  Consistent with its production of all communications between Defendants and Michael Griffin (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment between October 1, 2019 and December 31, 2022, Defendants' production contains communications about GAM and the performance of the International Fund.

**REQUEST FOR PRODUCTION NO. 14:**

Produce any and all documentation or communication evidencing any due diligence or thesis on selecting medical receivables as a viable investment strategy for YOUR clients during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection.  Defendants object to the six pages of definitions and instructions set forth in Plaintiff's request.  Defendants will respond to these requests consistent with the requirements of Rule 26 and Rule 34.  Defendants object to the request as it is overbroad in time period and breadth.  Plaintiff had no contact with Defendants prior to November 2019.  Plaintiff bought one investment directly from GAM in February 2020 and had a contractual relationship with GAM which entitled him to the same communications received by Defendants.  In addition, the Request assumes that Defendants had to "perform due diligence" on an investment which they did not sell

1    and for which they received no compensation from Plaintiff or GAM. In addition, Defendants

2    terminated any relationship they had with Plaintiff in November 2022.  Defendants were neither

3    the seller nor the sponsor of the single investment Plaintiff bought directly from GAM.

4    Defendants further object that the request also does not describe with "reasonable particularity"

5    the documents sought, as required by Rule 34.

6        Subject to the foregoing objections, Defendants respond as follows:  Consistent with its

7    production of all communications between Defendants and Michael Griffin

8    (mike@hedgeact.com) and Debra Griffin (info@hedgeact.com) concerning Plaintiff's investment

9    between October 1, 2019 and December 31, 2022, Defendants' production contains

10   communications about GAM and the International Fund.

11   Dated:  March 4, 2024                    HOPKINS & CARLEY
                                              A Law Corporation
12

13

14   By: _____
                                              Mark V. Boennighausen
15                                            Dinah X. Ortiz
                                              Attorneys for Defendants
16                                            THREE BELL CAPITAL LLC, and
                                              JONATHAN PORTER
17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4886-1239-5173.3                    - 12 -                    Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S REQUESTS FOR PRODUCTION, SET ONE

# EXHIBIT D

1  Mark V. Boennighausen, Bar No. 142147
   mboennighausen@hopkinscarley.com
2  Dinah X. Ortiz, Bar No. 273556
   dortiz@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  70 South First Street
   San Jose, CA  95113
5
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA  95109-1469
7  Telephone:    408.286.9800
   Facsimile:    408.998.4790
8
   Attorneys for Defendants
9  THREE BELL CAPITAL LLC, and
   JONATHAN PORTER
10

11                    UNITED STATES DISTRICT COURT

12                  FOR THE DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14  PETER KUHN,                          Case No. 5:23-cv-02958-PCP

15              Plaintiff,               **DEFENDANTS THREE BELL
                                         CAPITAL LLC AND JONATHAN
16       v.                              PORTER'S RESPONSES TO
                                         PLAINTIFF PETER KUHN'S NON-
17  THREE BELL CAPITAL LLC, a California UNIFORM INTERROGATORIES,
    limited liability company, JONATHAN  SET ONE**
18  PORTER, a Married Man, DOES 1 through V,
    inclusive; ABC Corporation I through V.,
19  inclusive, and XYZ Partnerships I through V,
    inclusive,
20
                Defendants.
21

22       **PROPOUNDING PARTY:**     Plaintiff PETER KUHN

23       **RESPONDING PARTY:**      Defendants THREE BELL CAPITAL LLC and
                                     JONATHAN PORTER
24
         **DISCOVERY:**             Non-Uniform Interrogatories
25
         **SET NUMBER:**            One (1)
26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                                           Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

1

## RESPONSES TO NON-UNIFORM INTERROGATORIES

2

## INTERROGATORY NO. 1:

3      For any request for admission that You did not admit unequivocally, describe the legal

4   and factual basis for Your failure to admit and identify all documents and witnesses supporting

5   Your failure to admit and explanation.

6

## RESPONSE TO INTERROGATORY NO. 1:

7      Objection.  Federal Rule 33 only provides a party the right to serve 25 interrogatories

8   without leave of court. "Rule 33(a) expressly forbids a party from serving more than 25

9   interrogatories upon another party "[w]ithout leave of court or written stipulation*." Walker v.

10  Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 586 (C.D. Cal. 1999). Applicable case law also

11  provides when an interrogatory asks questions with subparts as in this interrogatory, each subpart

12  counts as a separate interrogatory. See e.g.  *Safeco of America v. Rawstron*, 181 F.R.D. 441 (CD

13  CA 1998) (interrogatory seeking all facts, witnesses and documents supporting denial of requests

14  for admission counted towards interrogatory limit of 25). In order to avoid gamesmanship or

15  abuse of the interrogatory limit, the statute provides "any party may serve upon any other party

16  written interrogatories, not exceeding 25 in number, including all discrete subparts." Fed. R. Civ.

17  P. 33(a)(1). "Although the term 'discrete subparts' does not have a precise meaning, courts

18  generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are

19  logically or factually subsumed within and necessarily related to the primary question.'" *Trevino

20  v. ACB Am., Inc.,* 232 F.R.D. 612, 614 (N.D. Cal. 2006) citing *Safeco of America,* 181 F.R.D. at

21  445 citing *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D.Nev.1997). Therefore, if the

22  subparts are discrete and not logically or factually subsumed within the primary question, each

23  subpart will count as one interrogatory. "It is important to acknowledge at the outset that the issue

24  of 'discreteness' cannot reliably be captured by a verbal formula, and that ultimately the issue

25  turns on a case-by-case assessment of the degree to which the subpart is logically related to the

26  primary question in the interrogatory, as opposed to being separate and distinct .... Th[e court's

27  approach] acknowledges that the issue of 'discreteness' often cannot be resolved by resort to a

28  crisp verbal formula; it recognizes the reality that 'discreteness' is a matter of degree and that

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                                    - 2 -                        Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

deciding whether a subpart of an interrogatory is sufficiently 'discrete' to be regarded as a separate interrogatory will frequently depend on the particular circumstances of each case and may not always be answerable with complete confidence." *Synopsys, Inc. v. ATopTech, Inc*, 319 F.R.D. 293, 295 (N.D. Cal. 2016) citing E*rfindergemeinschaft Uropep GbR v. Eli Lilly & Co.,* 315 F.R.D. 191, 196 (E.D. Tex. 2016). "Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a)." *Erfindergemeinschaft Uropep GbR,* 315 F.R.D. at 197 citing *Williams v. Board of Cty. Comm'rs of the Unified Gov't of Wyandotte Cty. & Kan. City, Kan*., 192 F.R.D. 698, 701 (D.Kan.2000).

Here, this interrogatory has three subparts, with regard to 14 Requests for Admissions which were not unequivocally admitted, thereby asking 42 separate interrogatories, well in excess of the 25 allowed pursuant to Rule 33.  As such, Defendants will respond to the first 25 interrogatories as set forth below.  Defendants count each interrogatory responded by the number in the parentheses.

**Request for Admission 1. (Interrogatories 1-3)**

**(1)** <u>Factual and Legal Basis.</u>   The request for admission assumed that Defendants had the ability to transfer investment between funds at issue in this action. But the manager of the International Fund and the Domestic Fund, Griffin Asset Management LLC ("GAM") which serves as the fund's investment manager, and Griffin Captial Management, LLC ("GCM") (collectively "Griffin"), have sole discretion as Plaintiff knows form the offering memorandum he reviewed and subscription agreement he executed with regard to redemption and acceptance or money into the funds mentioned in this request.

**(2)** <u>Witnesses.</u>  Defendants refer Plaintiff to the witnesses listed in its Rule 26 disclosure served December 22, 2023.

**(3)** <u>Documents.</u> Communications between Griffin and Defendants.  Communications between Plaintiff and Defendants.

**Request for Admission 2. (Interrogatories 3-6)**

**(4)** <u>Factual and Legal Basis</u>.  This Request for Admission sought a legal conclusion

Hopkins & Carley
Attorneys At Law
San Jose • Redwood City

4881-7081-3861.2                           - 3 -                    Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

regarding a purported duty, an RIA has to disclose investments made by an RIA.  Defendants are

unaware of such a duty, and understand disclosure duties concern potential conflicts.

**(5)** <u>Witnesses</u>. Since this is a legal question, it is unclear if there is a witness.

**(6)** <u>Documents</u>.  Defendants refer Plaintiff to Section 260.238(k) of the California

Corporations Code which is cited in Plaintiff's complaint which requires no such

disclosure.

**Request for Admission 3. (Interrogatories 7-9)**

**(7)** <u>Factual and Legal Basis.</u>   The Request for Admission was vague as to time and

Defendants object on relevance grounds.  That being said, Defendants admitted that at the time

Plaintiff directly invested in the International Fund after reviewing the fund's offering

memorandum and its subscription agreement, Jonathan Porter was also an investor in the

International Fund.

**(8)** <u>Witnesses</u>.  Jonathan Porter

**(9)** <u>Documents</u>.  The same communications received from Griffin by Plaintiff which were

also received by Jonathan Porter regarding his investment.

**Request for Admission 4. (Interrogatories 10-13)**

**(10)** <u>Factual and Legal Basis.</u>   The Request for Admission assumes that there was some

legal duty on behalf of Jonathan Porter to disclose his personal investments to someone like

Plaintiff who personally bought a direct investment from Griffin, which was managed and

sponsored by Griffin, who drafted the subscription agreement and offering document.   That

assumption is incorrect.

**(11)** <u>Witnesses</u>.  Since there is no legal duty there are no witnesses.

**(12)** <u>Documents.</u> Defendants refer Plaintiff to Section 260.238(k) of the California

Corporations Code, which is cited in Plaintiff's complaint and which requires no such disclosure.

**Request for Admission 5. (Interrogatories 13-15)**

**(13)** <u>Factual and Legal Basis.</u>   The Request assumes that Defendants had some ability to

transfer investments controlled by Griffin and subject to Griffin's discretion on redemption and

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                    - 4 -                    Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

transfer.  Accordingly, the premise of the Request is nonsensical as is plain from the documents reviewed and executed by Plaintiff.

(14) <u>Witnesses.</u> Peter Kuhn and Michael Griffin.

(15) <u>Documents.</u>  International Fund Offering Memorandum and International Fund Subscription Agreement.

**Request for Admission 6. (Interrogatories 16-18)**

(16) <u>Factual and Legal Basis.</u>  The Request for Admission assumes as a fact that "Infinity began to fraudulently sell and assign medical receivables to Tecumesh in 2019-2020." Defendants are unaware of whether that is true or not and believe that issues surrounding this allegation are being litigated in bankruptcy court in Nevada.

(17) <u>Witnesses.</u>  The witnesses testifying in the adversary proceedings in Nevada bankruptcy court.

(18) <u>Documents.</u>  Documents filed in the Nevada Bankruptcy Action – In Re: Infinity Capital Management, Case No.: 21-14486-abl; Adversary Case No: No.: 21-01167-abl

**Request for Admission 7. (Interrogatories 19-21)**

(19) <u>Factual and Legal Basis.</u>   This request assumes a legal duty that Defendants are unaware exists.  As to disclosure obligations, Defendants understand that GAM had disclosure obligations to its customers, such as Plaintiff, about the investments managed by GAM, including any concerns about "Infinity."  Defendants are unaware of any obligation to investigate and disclose information about an investment that it does not control or manage or disbelieve information being provided to investors by the fund's manager, in this case, GAM.   To the extent Defendants received information, it was the same information GAM was providing to its investors, such as Plaintiff.

(20) <u>Witnesses.</u> Defendants refer Plaintiff to the witnesses listed in its Rule 26 disclosure served December 22, 2023.

(21) <u>Documents.</u>  Communications from GAM sent to Defendants and Plaintiff. Documents filed in the Nevada bankruptcy action.

Hopkins & Carley
Attorneys At Law
San Jose • Redwood City

4881-7081-3861.2                                    - 5 -                        Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Request for Admission 8. (Interrogatories 22-24)**

**(22)** <u>Factual and Legal Basis.</u>  This request is vague as to time.  Defendants believe at some point they received the 2019 report, consistent with it being disclosed by GAM to other investors, including Plaintiff.  Defendants believe this report was discussed during discovery and trial in the Nevada bankruptcy action.

**(23)** <u>Witnesses.</u>  Defendants refer Plaintiff to the witnesses listed in its Rule 26 disclosure served December 22, 2023.

**(24)** <u>Documents.</u>  Communications from GAM sent to Defendants and Plaintiff. Documents filed in the Nevada bankruptcy action.

**Request for Admission 9. (Interrogatory 25)**

**(25)** <u>Factual and Legal Basis.</u>    This request assumes a legal duty that Defendants are unaware exists.  As to disclosure obligations, Defendants understand that GAM had disclosure obligations to its customers, such as Plaintiff, about the investments managed by GAM, including when it received the information about "Going Concern" referenced in the request.  Defendants are unaware of any obligation to investigate and disclose information about an investment that it does not control or manage or disbelieve information being provided to investors by the fund's manager, in this case, GAM.  To the extent Defendants received information, it was the same information GAM was providing to its investors, such as Plaintiff.

## INTERROGATORY NO. 2:

Describe, in detail, any and all due diligence that You conducted on the International Fund during the Relevant Period, including but not limited to when the due diligence period started and all results of that due diligence period.

## RESPONSE TO INTERROGATORY NO. 2:

Objection.  This interrogatory is beyond the number allowed by Rule 33, without leave of court.  Defendants further object that this interrogatory asks for information that is not proportional to the needs of the case.  "Only material that is relevant to this claim or the defendant's defenses and "proportional to the needs of the case" is discoverable." *Palmer v.*

Hopkins & Carley
Attorneys At Law
San Jose • Redwood City

4881-7081-3861.2

- 6 -

Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

*HSBC Bank, USA,* N.A., No. 22-CV-02178-VC (LB), 2022 WL 3335932, at *2 (N.D. Cal. Aug. 12, 2022). Defendants assert "**any and all** due diligence" is not proportional to the needs of the case.

Defendants further object that this interrogatory requests information that is not critical to proving the asserted claims or defenses, "As one court has explained, 'the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.' The federal rules do not impose an obligation on a party 'to examine every scrap of paper in its potentially voluminous files,' particularly in an era 'where vast amounts of electronic information is available for review.'" *Russell v. Kiewit Corp.*, No. 18-2144-KHV, 2019 WL 2357525, at *3 (D. Kan. June 4, 2019) quoting *Radiologix, Inc. v. Radiology & Nuclear Med.*, LLC, No. 15-4927-DDC-KGS, 2019 WL 354972, at *11 (D. Kan. Jan. 29, 2019).

### INTERROGATORY NO. 3:

Describe, in detail, when YOU became aware of the International Fund's financial troubles and what advice You provided to clients based on that knowledge.

### RESPONSE TO INTERROGATORY NO. 3:

Objection. This interrogatory is beyond the number allowed by Rule 33, without leave of court. Defendants further object that this interrogatory requests information that is not critical to proving the asserted claims or defenses. "As one court has explained, 'the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.' The federal rules do not impose an obligation on a party 'to examine every scrap of paper in its potentially voluminous files,' particularly in an era 'where vast amounts of electronic information is available for review.'" *Russell,* 2019 WL 2357525, at 3 quoting *Radiologix, Inc. v.* 2019 WL 354972, at 11. Defendants particularly object to how the advice provided to persons not involved in this lawsuit is critical to proving Plaintiff's claims.

Defendants further object that this interrogatory asks for information that would constitute the invasion of privacy of Defendants' clients. "Federal Courts ordinarily recognize a

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2

- 7 -

Case No. 5:23-cv-02958-PCP

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). See *Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); *Johnson by Johnson v. Thompson,* 971 F.2d 1487, 1497 (10th Cir.1992), cert. den. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook v. Yellow Freight Sys., Inc*., 132 F.R.D. 548, 550–51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case). Defendants particularly object that requesting for the advice provided to Defendants' clients would violate Defendants' clients' privacy.

**INTERROGATORY NO. 4:**

State, with specificity, the factual and legal basis' for all affirmative defenses in Your Answer to Plaintiff's Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection.  This interrogatory is beyond the number allowed by Rule 33, without leave of court.  Defendants further object to this interrogatory as it is an impermissible contention interrogatory. "Another kind of question that some people put in the category 'contention interrogatory' asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention. It is not uncommon for a set of 'contention interrogatories' to include all of these kinds of questions." *In re Convergent Techs. Sec. Litig.,* 108 F.R.D. 328, 332 (N.D. Cal. 1985). Courts do not require parties to respond to contention interrogatories when they are overly broad, as this request is. "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Id.* citing *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). As plaintiff is asking for "the factual and legal basis for all affirmative defenses," this is the equivalent for asking Plaintiff to provide a narrative account of its case and therefore this interrogatory is objectionable.

**INTERROGATORY NO. 5:**

Describe, in detail, any and all of YOUR clients invested in the International Fund that You recommended they transfer their investment prior to Your recommendation to Kuhn.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This interrogatory is beyond the number allowed by Rule 33, without leave of court. Defendants further object that this interrogatory requests information that is not critical to proving the asserted claims or defenses, "As one court has explained, 'the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.' The federal rules do not impose an obligation on a party 'to examine every scrap of paper in its potentially voluminous files,' particularly in an era 'where vast amounts of electronic information is available for review.'" *Russell,* 2019 WL 2357525, at 3 quoting *Radiologix, Inc.,* 2019 WL 354972, at 11. Defendants particularly object as to how the details of any and all of Defendants clients will support Plaintiff's claims.

Defendants further object that this interrogatory asks for information that is not proportional to the needs of the case. "Only material that is relevant to this claim or the defendant's defenses and 'proportional to the needs of the case' is discoverable." *Palmer,* 2022 WL 3335932, at 2. Defendants have a large number of clients and it would be unreasonable and non-proportional to require Defendants to describe in detail all clients.

Defendants further object that this interrogatory asks for information that would constitute the invasion of privacy of Defendants' clients. "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." See *Breed*, 542 F.2d at 1116 (balancing the invasion of minor's privacy rights against the court's need

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                                - 9 -                          Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

for ward files); *Johnson by Johnson*, 971 F.2d at 1497 (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook*, 132 F.R.D. at 550–51 (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case). Defendants assert that this interrogatory asks for financial information for Defendants' clients that would violate their right of privacy.

Defendants further object that this interrogatory is vague, ambiguous, and overbroad. Plaintiff was unclear regarding what this interrogatory is asking for; it is unclear what would be sufficient "detail" regarding this request.

**INTERROGATORY NO. 6:**

Describe, in detail, any and all conversations or communications You had with Griffin concerning GAM's performance fees for YOUR clients.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection.  This interrogatory is beyond the number allowed by Rule 33, without leave of court. Defendants further object that this interrogatory requests information that is not critical to proving the asserted claims or defenses, "As one court has explained, 'the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.' The federal rules do not impose an obligation on a party 'to examine every scrap of paper in its potentially voluminous files,' particularly in an era 'where vast amounts of electronic information is available for review.'" *Russell,* 2019 WL 2357525, at 3 quoting *Radiologix, Inc.,* 2019 WL 354972, at 11. Defendants particularly object to how any and all conversations or communications with GAM regarding fees for other clients is critical to Plaintiff's claims.

Defendants further object that this interrogatory asks for information that is not proportional to the needs of the case. "Only material that is relevant to this claim or the defendant's defenses and 'proportional to the needs of the case' is discoverable." *Palmer,* 2022 WL 3335932, at 2. Defendants have a large number of clients and it would be unreasonable and non-proportional to require Defendants to disclose all conversations and communications,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                                    - 10 -                          Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

especially in regards to clients not at issue in this case.

Defendants further object that this interrogatory asks for information that would constitute the invasion of privacy of Defendants' clients. "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." See *Breed*, 542 F.2d at 1116 (balancing the invasion of minor's privacy rights against the court's need for ward files); *Johnson by Johnson*, 971 F.2d at 1497 (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook*, 132 F.R.D. at 550–51 (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case). Defendants assert that this interrogatory asks for financial information for Defendants' clients that would violate their right of privacy.

**INTERROGATORY NO. 7:**

Describe, in detail, the entry/exit date and amount of initial allocation and redemption for all YOUR clients or personal funds invested or as a sponsor, general partner, or managing member of pooled investment vehicles who allocated funds to the International Fund.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection.  This interrogatory is beyond the number allowed by Rule 33, without leave of court. Defendants further object that this interrogatory asks for information that is not proportional to the needs of the case. "Only material that is relevant to this claim or the defendant's defenses and "proportional to the needs of the case" is discoverable." *Palmer,* 2022 WL 3335932, at 2. Defendants particularly object to how detail regarding the entry date and amount of initial allocation for all clients is proportional to the needs of the case.

Defendants further object that this interrogatory requests information that is not critical to proving the asserted claims or defenses. "As one court has explained, 'the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.' The federal rules do not impose an obligation on a party 'to examine every scrap of paper in its potentially voluminous files,' particularly in an era 'where vast amounts of electronic information is available for review.'" *Russell*, 2019 WL 2357525, at 3

quoting *Radiologix, Inc.*, 2019 WL 354972, at 11. Defendants particularly object to how detail regarding the entry date and amount of initial allocation for all clients is critical to Plaintiff's claims.

Defendants further object that this interrogatory asks for information that would constitute the invasion of privacy of Defendants' clients. "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." See *Breed*, 542 F.2d at 1116 (balancing the invasion of minor's privacy rights against the court's need for ward files); *Johnson by Johnson*, 971 F.2d at 1497 (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook*, 132 F.R.D. at 550–51 (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case). Defendants assert that this interrogatory asks for financial information for Defendants' clients that would violate their right of privacy. Defendants also assert that this interrogatory asks for financial information for Defendants regarding Defendants' personal funds, which would violate Defendants' right to privacy.

## INTERROGATORY NO. 8:

For any medical receivables investment You conducted due diligence on during the Relevant Period that You did not recommend to clients in place of the International Fund, describe, in detail, Your thesis or due diligence findings for their non-recommendation.

## RESPONSE TO INTERROGATORY NO. 8:

Objection.  This interrogatory is beyond the number allowed by Rule 33, without leave of court. Defendants further object that this interrogatory asks for information that is not proportional to the needs of the case. "Only material that is relevant to this claim or the defendant's defenses and "proportional to the needs of the case" is discoverable." *Palmer,* 2022 WL 3335932, at 2. Defendants particularly object to how detail regarding "any medical receivables You conducted due diligence on" is proportional to the needs of the case.

Defendants further object that this interrogatory requests information that is not critical to proving the asserted claims or defenses, "As one court has explained, 'the Federal Rules of Civil

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                                  - 12 -                          Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.' The federal rules do not impose an obligation on a party 'to examine every scrap of paper in its potentially voluminous files,' particularly in an era 'where vast amounts of electronic information is available for review.'" *Russell*, 2019 WL 2357525, at 3 quoting *Radiologix, Inc.*, 2019 WL 354972, at 11. Defendants particularly object to how detail regarding funds that were not recommended is critical to Plaintiff's claims.

Defendants further object to this interrogatory as it is an impermissible contention interrogatory. "Another kind of question that some people put in the category 'contention interrogatory' asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention. It is not uncommon for a set of 'contention interrogatories' to include all of these kinds of questions. *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 332. Here, this interrogatory is clearly asking for the "Your thesis." Therefore, this interrogatory can clearly be classified as a 'contention interrogatory.' Courts do not require parties to respond to contention interrogatories when they are overly broad. "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Id.* citing *Lucero,* 240 F.R.D. at 594. As plaintiff is

//

//

//

//

//

//

DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

asking for "Your **thesis** or due diligence findings for their non-recommendation," this is the equivalent of asking Plaintiff to provide a narrative account of its theory; therefore this interrogatory is objectionable.

Dated:  March 4, 2024

HOPKINS & CARLEY
A Law Corporation

By: _____
Mark V. Boennighausen
Dinah X. Ortiz
Attorneys for Defendants
THREE BELL CAPITAL LLC, and
JONATHAN PORTER

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4881-7081-3861.2                                     - 14 -                          Case No. 5:23-cv-02958-PCP
DEFENDANTS THREE BELL CAPITAL LLC AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF
PETER KUHN'S NON-UNIFORM INTERROGATORIES, SET ONE

1

**VERIFICATION**

2

I, Jonathan Porter, declare:

3

I am a defendant in the above-referenced action.  I hold the job title of Chief Executive

4

Officer in my employment with Three Bell Capital, LLC, which is the other defendant in the

5

above-referenced action.  I have been authorized to sign this verification on Three Bell Capital,

6

LLC's behalf.

7

I have read and know the contents of **DEFENDANTS THREE BELL CAPITAL LLC**

8

**AND JONATHAN PORTER'S RESPONSES TO PLAINTIFF PETER KUHN'S NON-**

9

**UNIFORM INTERROGATORIES, SET ONE**.  I have obtained and reviewed documents,

10

records, and information possessed by or known to Three Bell Capital, LLC, and/or its officers

11

and employees, upon which these responses are based.  I have either personal knowledge or am

12

informed and believe, based on the documents, records, and information that I have obtained and

13

reviewed, that the facts stated in the foregoing responses are true and correct.

14

I declare under penalty of perjury under the laws of the United States of America that the

15

foregoing is true and correct.

16

Executed at Dallas, Texas on March 4, 2024.

17

18

*Jonathan Porter*

19

_____

JONATHAN PORTER

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4876-7211-8698.1